CHARLES W. RAWSON, plaintiff in error, *vs.* JAMES W. POWELL, defendant in error.

When at a regular term of the Superior Court, held in the month of May, the Court, not being able to get through with the business on the dockets, adjourned the Court over to the third Monday in August thereafter in due form of law : held, that parties and their attorneys having business in that Court were bound, at their peril, to take notice of the meeting, and adjournments thereof, and that this Court will not control the discretion of the Court below in refusing to reinstate a case dismissed for want of prosecution at the adjourned term of the Court, upon the statement of the plaintiff's attorney that he had no knowledge of such adjourned term of the Court.

Motion to reinstate case.   Decided by Judge CLARK, Superior Court of Terrell County, November Term, 1866.

At May term, 1866, of said Court, the case of Charles W. Rawson against James W. Powell was on the appeal; it had been continued twice on the appeal by the defendant, but never by the plaintiff, since the appeal, and defendant had been put on terms to try the case at said term.

Judge Lyon (of Lyon & Irwin), plaintiff's attorneys, attended said term till a criminal case of importance being on trial, he concluded that no civil business could be tried, and left the Court.   Mr. Irwin was, during said term, absent from the State, and sick.   Lyon had no knowledge of an intention to hold an adjourned term of said Court.   But an adjourned term was held eighty days thereafter, in August. Lyon stated that he had no notice of it; but the record shows that the adjourned term was regularly ordered before the Court rose in May; it was proclaimed by the Sheriff when the regular term was adjourned, and afterwards advertised sometime before the meeting of the term in " The Dawson Journal," in said county.

The case was called in its order, and upon motion of defendant's attorney was, by order of the Court, dismissed for want of prosecution.   Plaintiff moved to reinstate the case upon the facts aforesaid, which motion was overruled by the Court.   And this action of the Judge in refusing to reinstate said case is brought here as error.

Rawson *vs.* Powell.

Lyon and Irwin, for plaintiff in error.

B. Wooten, F. M. Harper, for defendant in error.

Warner, C. J.

We cannot control the discretion of the Court below in refusing to reinstate the plaintiff's case upon the statment of facts in this record, without establishing a precedent that will produce bad results in conducting the business of the Courts. The main ground on which the motion is based is, that the plaintiff's counsel left the regular term of the Court before its adjournment, and when the Court did adjourn it was to the third Monday in August, eighty days thereafter, of which adjourned term of the Court in August the plaintiff's counsel states he had no notice, and was not in attendance upon the Court. The Court, however, was adjourned over from the regular term in May to the third Monday in August in *due form of law,* notice of which adjournment was published in a public gazette published in the circuit. By the 3167th section of the Code, it is made the duty of every Judge of the Superior Court to hold an adjourned term in any county within their respective circuits where the business requires it to clear the dockets.

By the act of 17th December, 1861, the holding adjourned terms of the Court for the disposition of the business upon the dockets, rests in the sound discretion of the presiding Judge. Whether the plaintiff in the case had *notice* of the adjourned term of the Court or not, the record is silent. The Court being a place where justice is judicially administered, all parties and their attorneys having business therein are bound at their peril to *take notice* of the meeting and adjournments thereof in accordance with the public laws of the State.

Let the judgment of the Court below be affirmed.