ISAAC CHENEY and ALFRED L. ACEE, plaintiffs in error, *vs.* JOHN H. WALTON, defendant in error.

ISAAC CHENEY and WILLIAM H. McCRORY, plaintiffs in error, *vs.* JOHN H. WALTON, defendant in error.

Where a defendant seeks a new trial, on account of his having been providentially prevented from being present in Court when the judgment was rendered, and thus deprived of the benefit of his testimony, it is necessary that he should show, affirmatively, the facts he could have proven, so that the Court can judge of the materiality of the same. (R.)

New trial. Before Judge JOHNSON. Talbot Superior Court. March Term, 1872.

The two cases above stated were argued together. All the facts necessary to an understanding of the cases are set forth in the decision of the Court.

BLANDFORD & CRAWFORD; J. M. MATTHEWS, for plaintiffs in error.

E. H. WORRILL; B. HILL, for defendant.

WARNER, Chief Justice.

This was a motion for a new trial on the ground that the defendant was absent from the Court when the judgment was rendered against him, on account of the sickness of his wife, and that if he had been present at the trial he could have proved and shown that the plaintiff had not paid all legal taxes chargeable by law on said contract for each and every year from the making or implying of said contract or the income thereof. It appears, from the bill of exceptions, that the plaintiff, on the trial, did prove the payment of taxes, as set forth in his affidavit. The motion for a new trial was overruled, and the defendant excepted. There was no brief of the evidence filed as the rule of Court requires, and the Court may have overruled the motion on that ground.

But we think the defendant's affidavit was not sufficient to authorize the Court to have granted the motion. The defendant should have shown to the Court *the facts* which he could prove, going to show the plaintiff had not paid the taxes, and by whom he could prove the same, so that the Court might judge whether the facts would probably change the result if a new trial was granted, and the affidavit of the witness by whom he expected to prove the facts as to what he would swear in relation to the non-payment of taxes by the plaintiff. In order to get rid of a judgment and have a new trial, the defendant should have shown affirmatively to the Court the facts he could prove, so that the Court could have judged of the materiality of the same; the judgment of the defendant and the judgment of the Court might differ as to the effect of the proof which the defendant might offer as to the non-payment of the taxes, the more especially when the plaintiff had proved on the trial that he had paid them.

Let the judgment of the Court below be affirmed.