Warner, Chief Justice.
1. This was a motion for a new trial in a case in which a verdict had been rendered in favor of the plaintiff against the defendant, on the ground that the defendant had been informed that the presiding judge had given public notice to all parties in cases that were litigated, that ' they need not attend the Court on the day when the verdict was taken against him, and in consequence of such information the defendant was absent, and did not expect his case to be called while the Court was engaged *in calling cases not litigated ; that the plaintiff’s counsel called the attention of the Court to this case, and stated it was not litigated; that defendant’s counsel who had appeared for him in the case, had withdrawn from it; which latter statement was true, but that defendant was still relying on his defense when the case should be called for trial; that the then presiding Judge did not know that defendant had a plea filed, and therefore, permitted the plaintiff to take a verdict for largely more than was justly due. The foregoing *20 facts were sworn to by the defendant. Judge Pope, who was the presiding Judge when the verdict was taken, after he went off the bench, was employed by the defendant, as his counsel, to set aside the verdict and obtain a new trial in the case. Judge Pope made an affidavit that the statements made in the' defendant’s motion for a new trial, as to the circumstances under which the verdict was taken, were, to the best of his recollection and belief, true. Henry Plillyer, one of plaintiff’s counsel, made an affidavit that when the case was tried, it was reached in its order upon a regular call of the docket, and that the Court was not calling the docket for the purpose of trying or disposing of cases not litigated, but was calling the docket regularly for the trial of all cases where no legal grounds for continuance was shown. Upon this' statement of facts, the Court refused to grant the motion for a new trial, whereupon the defendant excepted. The ground on which the motion for a new trial is based in this case, is that the defendant was absent from the Court on the day the case was called and tried, because somebody had informed,him that the presiding Judge had given public notice to all parties, in cases that were litigated, that they need not attend the Court on that day. Who gave the defendant that information it does not appear, nor does it affirmatively appear that the presiding Judge gave any such public notice to parties' litigating in the Court, as it is alleged, on the defendant’s information. It is true, Judge Pope states in his affidavit, that the statements in the defendant’s motion for a new trial, “as to the circumstances under which the verdict was taken,” were true, to the best of his recollection and belief. The circumstances *under which the verdict was taken may be true, and still the presiding Judge ‘may not have given the public notice of which the defendant alleges somebody informed him. The having given the public notice to the parties by the presiding Judge, as alleged by the defendant, was an important fact, which the affidavit of Judge Pope omits to state.
2. Besides, the defendant states the.verdict is for “largely more than was justly due,” but for how much more, we do not know; the term “largely more” is rather too indefinite, when a party seeks to set aside a verdict because it is for too much. ■
3. But there is another view of this case which, in our judgment, must control it. The facts of the case were submitted to the Court for its judgment, on the evidence contained in the affidavits of the defendants, Pope and Hillyer. If the Court thought proper, in the exercise of its judgment, to give more weight and credit to the statement contained in the affidavit of Hillyer, when taken in connection with the proceedings had on the trial, apparent on the face of the record then before the Court, than to the statements contained in the other affidavits, it was its province to do so, and this Court cannot say that there was not sufficient evidence to support that judgment, and will not, therefore, interfere with it.
Ret the judgment of the Court below be affirmed.