PHILLIPS *et al. v.* TABER.

1. If the plaintiff's affidavit in bringing complaint in trover states only the value of the property, the sheriff can only require the bond to be double that amount. If it states the value of the property and the amount of hire claimed, then the sheriff fixes the bond at double the value of the property and the hire claimed, and the plaintiff would be entitled, in a proper case, to recover not only the value of the property, but the hire from the time of the conversion. Where the amount of hire is omitted in the affidavit, he cannot recover the hire from the time of the conversion, but only from the time of filing his affidavit and declaration.

2. The plaintiff is not restricted in his recovery to the amount mentioned in the bond, so far as the defendant, the principal in the case, is concerned.

3. The bond given by defendant expressly mentioning certain articles, and agreeing to have them forthcoming to answer the judgment and pay whatever sum the jury might find their value to be,

if before the trial he surrendered them to the sheriff and allowed them to be sold as perishable property, under order of court, and the proceeds of sale to be applied to costs and expenses, this was a new conversion; and the judgment properly included the amount they were shown to be worth. Acts 1887, p. 59, not applicable.

4. To set aside a judgment for defendant's absence from providential cause, he must show not only that he was absent for such cause and unable to notify the court of his condition, but that he had a meritorious defence, and such other facts as will render it improbable or at least doubtful that plaintiff would be entitled to recover.

(a) Purchase by defendant in good faith of property which had been set apart to plaintiff as an exemption, under judicial process against him, and which was not subject to sale under the exceptions pro · vided by law, carried no title thereto. It could be recovered by plaintiff as the head of a family, though he was present at the sale and received the surplus from the sheriff.

(b) Testimony that defendant had never claimed certain of the articles sued for, would not have authorized a reduction in the amount of the verdict. If he did not claim them, he should not have given bond for their forthcoming. Why his counsel was not present at the trial, is not shown.

5. That defendant's counsel was insolvent, would not entitle him to relief.

6. What purports to be a brief of evidence in the record not being signed by all the counsel nor approved and ordered filed by the court, a ground of the motion to set aside the judgment, that the verdict was not sustained by the evidence, cannot be considered.

7. The suit having been commenced by plaintiff's next friend, and while it was pending his disability to sue having been removed, he had the right to have the name of his next friend stricken from the declaration and to have the suit proceed in his own name; and then to amend by showing the property in controversy to be exempted, and to name the beneficiaries of the exemption in order to enable him to recover the property. The parties to the action were not changed by these amendments.

October 28, 1889.

· Trover. Affidavits. Bonds. Conversion. Exemptions. Practice. Attorney and client. Principal and surety. *Bona fides.* Before Judge VAN EPPS. City court of Atlanta. December term, 1888.

Reported in the decision.

BROYLES & SONS, for plaintiffs in error.

ARNOLD & ARNOLD, *contra.*

SIMMONS, Justice.

It appears from the record in this case that Theodore S. Taber, on the 2d of June, 1887, by his next friend, Mary C. Taber, commenced his action of trover against Phillips, for certain personal property mentioned in his declaration; that on the same day, he sued out bail process against said Phillips; that on the 3d of June, Phillips gave bond and security for the forthcoming of said property, and for the eventual condemnation money which might be assessed against him on the trial of the case. On the 27th of June the sheriff applied to the court for leave to sell the wagon and harness and one shawl, as perishable property, and stated in his application that the same had not been replevied by Phillips. The order was granted, and he sold the same for $10, which was applied in payment of the costs of the case. On July 27th, Phillips filed a plea of the general issue, which plea was signed by W. R. Hodgson, the defendant's attorney. On February 13th, 1888, the declaration in trover was amended by striking therefrom the name of Mary C. Taber, who sued as next friend, the amendment alleging that the plaintiff had become of age since the filing of the declaration. The declaration was further amended at the same time by inserting therein the names of Taber's wife, Eva C. Taber, and his child, Frank S. Taber, "said wife and child being the beneficiaries of the homestead estate of which the property sued for in said action was a part, and the plaintiff sues for the use of said wife and child." On February 18th, 1888, service of this amendment was acknowledged and copy waived by Hodgson, the defendant's attorney. On October 16th, 1888, the declaration was further amended by alleging that the hire of the horse claimed was of the value of $15 per month, that Phillips was indebted to the plaintiff in that sum since the date of the conversion of said horse,

and that the other articles named in the declaration were of the monthly value of $5 for hire. This amendment does not appear to have been served on the defendant, but no exception was taken to this amendment. On the same day the jury rendered the following verdict: "We, the jury, find for the plaintiff the sum of $126, to be discharged on the delivery of the property in suit within ten days from date, and $246 for rent of same and costs of suit." Upon the said verdict judgment was entered against the defendant and his securities for the amounts found in the verdict. During the same term of said court, the defendant and his two securities moved to set aside said judgment on the various grounds set out in said motion. The court refused the motion upon condition that the plaintiff would write off from said judgment as against the securities all of said judgment over and above $182, the amount stipulated in the bond which they signed as securities for Phillips in the bail proceeding. The plaintiff wrote off this amount, and the judgment now stands for $182 against the securities, and the whole amount found against Phillips, the principal in the bond. Phillips and his securities both excepted to this judgment of the court below, and bring the case here for review.

1. The first ground taken by the defendant in his motion was, in substance, that the judgment was illegal, because it was for $246, the hire or rent of said property, when the bail affidavit did not set forth any claim for said rent or hire. While the code, §3418, requires a party suing out a bail process to state in his affidavit the value of the property sued for, and the amount of hire claimed, if any, we do not think if he fails to claim hire in the affidavit, that his failure would prevent him from recovering hire from the time of the commencement of the suit to the rendition of the ver-

dict. It requires the value of the property and the amount of hire to be stated in the affidavit, in order to inform the sheriff of the amount at which to fix the replevy bond. If the affidavit only states the value of the property, as it did in this case, the sheriff can only require the bond to be double that amount. If it states the value of the property and the amount of hire claimed, then the sheriff fixes the bond at double the value of the property and the hire claimed; and the plaintiff would be entitled in a proper case to recover not only the value of the property, but the hire from the time of the conversion. Where the amount of hire is omitted in the affidavit, he cannot recover the hire from the time of the conversion, but only from the time of filing his affidavit and declaration. It appears that in this case the recovery for hire was restricted to the time of the filing of the declaration, and was not extended to the time of the conversion of the property. So we see no error in the judgment of the trial judge in overruling the motion upon this ground.

2. The second ground was, in substance, that the judgment was for a sum greater than the penal sum of the bond, the sum mentioned in the bond being $182 and the judgment being for $372. We do not think the plaintiff is restricted in his recovery to the amount mentioned in the bond, so far as the defendant, the principal in the bond, is concerned. It would be a great injustice to plaintiffs in trover cases to restrict them in their recovery for the rent or hire of property sued for, to the amount claimed in the bail affidavit, or to the penal sum of the bond given to replevy the property. The case might be pending for years, the defendant receiving the benefit of the hire of the property during that time, which might amount to much more than the penal sum mentioned in the bond, and yet, under the construction contended for by the plain-

tiff in error, the plaintiff in the court below would only be entitled to double the amount of the sum claimed in the bail affidavit. The defendant in a trover case is not liable by reason of having given a bond for the eventual condemnation money, but for damages in consequence of having converted the plaintiff's property, and he is liable for whatever that property is proved to be worth and its hire.

3. The third ground alleges, in substance, that the judgment included the amount of $41, for a wagon, harness and shawl, although it was shown upon the trial that said articles had been sold by the sheriff as perishable property, under the order of the court before said verdict and judgment were rendered, and the proceeds of said sale applied in payment of the costs and expenses. The trial judge did not err in overruling this ground of the motion for a new trial. While it is true that the articles were sold by the sheriff and the proceeds applied as alleged in the motion, the record shows that the bond given by the plaintiff in error expressly mentions these articles, and he agreed in said bond to produce them and have them forthcoming to answer the judgment of the court, and to pay whatever sum the jury might find their value to be. If he did not claim said articles, but surrendered them to the sheriff, as he alleges, he should not have mentioned them in his bond to produce them. After giving his bond for their forthcoming, he had no right to surrender them to the sheriff, and if he did so, it was a new conversion of said property, and he was liable for the value thereof. For this reason the act approved October 8th, 1887 (Acts 1887, p. 59), would not apply, even though his bond had been given after the passage of that act. That act only applies in cases where neither the plaintiff nor the defendant shall replevy the property, and provides that when it is sold by the sheriff, only the amount of the pro-

ceeds of the sale shall be recovered by the plaintiff. In this case, as we have seen, the defendant replevied these identical articles.

4. The fourth ground alleges that the verdict and judgment in the case were obtained without notice to the defendants that the case was to be tried on the day it was tried; that they were not present, either personally or by counsel; that the defendant had been crippled the day before the case was set for trial, and was unable from that day until long after the trial to leave his room; that on account of his suffering, he could not keep his mind on any business, and forgot about the calling of the docket, and did not know the case had been called and set for trial, until after the trial was had; that he had a good and valid defence to said suit. In his affidavit attached to this ground of the motion, he sets out what his defence was. It was, in substance, that he had in good faith bought and paid for the horse sued for, at a judicial sale, which sale was regular and according to law, and at which sale Taber, the plaintiff, was present and made no objection thereto; that the sum realized at said sale exceeded the amount of the execution under which said sale was had, and the expenses of the sale, by the sum of $19.70, which sum Taber received from the sheriff, and thereby ratified the sale. He further says that he never claimed any of the other articles sued for, nor did he convert any of them to his own use; that the wagon, harness and shawl were loaned by Taber, the plaintiff, to one Johnson, and left by him; that when the sheriff called on defendant and demanded the property, the defendant turned over to him the wagon, harness and shawl which the sheriff sold, as hereinbefore recited.

In order for a defendant to set aside a verdict and judgment on the ground of his absence for providential cause, he must not only show that he was sick and un-

able to attend the court, and unable to give the court notice of his condition, but he must go further and show to the court that he had a meritorious defence to the action, and show by his affidavit or the affidavits of others, such facts as would render it improbable or at least doubtful that the plaintiff would be entitled to recover. It is not enough for him to swear that he has a meritorious defence to the action, without going further and showing the facts upon which such defence is based, so that the court can determine for itself whether, if the verdict and judgment were set aside, the result might be different on the next trial; because it would be useless to set aside a verdict and go through another trial to have the same verdict rendered by the jury. *Beall* v. *Marietta Paper Mill Co.*, 45 *Ga.* 28; *Cheney* v. *Walton*, 46 *Ga.* 432; *Massey* v. *Allen*, 48 *Ga.* 21; *Peacock* v. *Usry*, 52 *Ga.* 353; *Lumpkin* v. *Respess*, 68 *Ga.* 822; *Ferrill* v. *Marks*, 76 *Ga.* 21.

It appears from the record that the property purchased by the defendant in the court below had been exempted from levy and sale and set apart to the defendant as the head of a family. Property thus set apart in Georgia is exempt from sale by any officer, unless within the exceptions provided for in the law. The plaintiff in error does not allege or show in his affidavit that the sale of this exempted property took place before the exemption was granted, or was within one of these exceptions. So far as appears from the record in the case, the judgment was against Taber individually, and for his individual debts. If that be true, and the property had been set apart to him as an exemption, the sale was illegal, and although Phillips may have bought it in good faith at a judicial sale and paid his money therefor, he got no title to the property. The plaintiff, Taber, as the head of a family, had the right to sue for and recover the same for the use and benefit of the

family. Nor does the fact that he alleges in his affidavit that Taber was present at the sale and received the surplus from the sheriff estop him from suing for and recovering the property as the head of a family, it not appearing, as before remarked, that the property was sold as exempted property under the exceptions provided for in the law. So we think that if Phillips had been present at the trial, and had testified to these facts without more, the verdict would have been obliged to be as it was. Nor do we think, under the facts disclosed by the record of this case, that if he had testified that he never claimed the other articles sued for, it would have authorized the jury to reduce the amount of the verdict. As before remarked on another branch of this case, if he did not claim the articles, he should not have given bond and security for their forthcoming as he did in this case. Moreover, it appears that he had retained counsel to represent him in the case. There is no showing in any of the grounds of the motion, or in the affidavits, why his counsel was not present at the trial of the case. It seems that he was present when the case was set, and that before the trial he visited the defendant in his room, and if he did not mention the fact to his client, he ought to have done so. He was seen on the day of the trial walking upon the streets, and it is not pretended that he was sick or unable to attend the court.

5. The 5th ground of the motion alleges in substance that the counsel of the plaintiff in error in this proceeding is insolvent, and it was argued that if the verdict is not set aside, he will have no redress, as he cannot recover damages from such counsel for his negligence. We do not think he is entitled to any relief on this ground. Phillips doubtless knew the pecuniary condition of his counsel when he employed him. Whether he did or not, it would be a new doctrine to

establish in Georgia that third parties are to be deprived of their rights because the defendant or the plaintiff, as the case may be, had employed an impecunious attorney. We shall not be the first to establish such a rule.

6. The defendants amended their motion and claimed that the verdict was not sustained by the evidence. We do not think we can consider this ground. This was not a motion for a new trial. While there is what purports to be a brief of evidence in the record, it is not signed by all the counsel nor approved and ordered filed by the court. We therefore decline to look into this evidence to ascertain whether the verdict is sustained by it or not.

7. The securities on the bond also filed a motion to set aside the verdict and judgment. The grounds are in substance the same as those of the plaintiff in error's motion, which we have discussed, except the 4th ground thereof. That complains that "by reason of the amendment to the declaration in said case, filed February 13th, 1888, new parties were made without the knowledge or consent of his securities, and thereby a new case was made, and one in which his securities never agreed to be bound." It is sufficient to say, in answer to this ground, that the amendment complained of was served on Phillips, the defendant, and no objection was made thereto by him. Besides, in our opinion, the plaintiff had a right, under the code, to make this amendment. The suit was commenced by his next friend before he became of age. While it was pending, his disability to sue was removed. He therefore had the right to have the name of his next friend stricken from the declaration, and the suit proceed in his own name. After this was done he had a right to amend by showing the property in controversy to be homestead or exempted property, and he had a right to name the

beneficiaries of such exemption, in order to enable him to recover it as homestead property. The parties to the action were not changed by these amendments. Taber was the real plaintiff at the commencement of the suit, suing by his next friend. He was still the real plaintiff when the name of his next friend was stricken, and was the real plaintiff after he inserted the names of his wife and child as beneficiaries.

It follows from these views that there was no error in the judgment of the court refusing to set aside this verdict; and the judgment is                    *Affirmed.*