## JOHNSON *et al. v.* DRIVER.

1. A court of equity will not set aside a verdict and judgment rendered in a
justice's court, on the ground that the party cast in the suit and his attor-
ney were prevented from attending the court by a statement, previously
made to them by the justice of the peace, that the case would not be tried
on the day when the same was actually heard, but on the next day there-
after, when the petition seeking such equitable relief does not charge any
fraud on the opposite party, or his counsel or agents, and when it fails to
set forth any meritorious defense against the recovery had by the verdict.
2. No relief can be had in a court of equity against a verdict and judgment
rendered in a court of competent jurisdiction over the persons and subject-
matter, on account of any mistake or error for which the statute provides

adequate relief at law, and of which the complaining party had full opportunity of availing himself.

Argued June 17, — Decided July 31, 1899.

Equitable petition. Before Judge Janes. Haralson superior court. July term, 1898.

*Price Edwards* and *E. S. & G. D. Griffith,* for plaintiffs in error. *Head & Head,* contra.

LEWIS, J. J. R. Driver brought his equitable petition in Haralson superior court, alleging substantially as follows: He had brought suit on three notes in his favor, against C. P. Johnson, William Williams, and Thomas Philpot, in a justice's court of said county, which was tried before the justice of the peace, and appealed to a jury in said court. At the term at which the appeal was triable, he attended the court, but the case was not tried. Before leaving, petitioner and his attorney were informed by the court that they need not attend said court on Wednesday of the next term, as all the jury business in said court would go over to Thursday. Relying on this statement, petitioner and his attorney did not attend the court on Wednesday of the May term, but did return the following day, and then learned that the case had been called up on the day before, the jury empanelled, and the case tried. On the jury empanelled were two nephews of one of the defendants. The jury returned a verdict for the defendants for sixty-one dollars. After discovering the relationship of the two jurymen, a new jury was empanelled, the case again tried, and a verdict returned for the defendants for the sum of sixty-one dollars. The petitioner claims that it was illegal to try the case on Wednesday, when the court had announced it would not be tried until Thursday; that the verdict of the first jury was illegal on account of the relationship of the jurors, but the court had no authority after the same had been rendered to set it aside; that a fi. fa. had been issued upon the illegal verdict and judgment, and the same levied upon the property of petitioner. Petitioner prays that the fi. fa. may be delivered up and cancelled, and the verdict and judgment set aside, and that the case may be reinstated in the justice's court, and tried

before a jury in accordance with the appeal therein entered. Petitioner further prays the granting of a restraining order against the defendants and the constable, restraining from proceeding further with the fi. fa. until a hearing can be had in the case. To this petition the defendants filed a demurrer, on the ground that if the plaintiff had any complaint his remedy was by certiorari within thirty days after the verdict was rendered, and that there was no cause of action set forth in the petition. In their answer they denied the allegation that the plaintiff was informed the case would not be tried on Wednesday, the first day of the term. Driver filed an amendment, alleging that his counsel had prepared a petition for certiorari, given the bond required by law, paid the costs in the case, and sent the petition to the judge of the superior court for his sanction, but the same was not returned; and that he is informed and believes the petition was received by the judge and forwarded to his counsel, but was not received by them.

The case came on for trial in the superior court. The following questions were submitted to the jury, who by their verdict returned the answers indicated: "1. Did the justice of the peace, Mr. Maxwell, state to the plaintiff, J. R. Driver, that no jury cases would be tried until Thursday, the second day of the justice court? Answer: Yes. 2. Did said Driver pay up the court [costs] for the purpose of carrying the case to the superior court by certiorari? Answer: Yes. 3. Did counsel for said Driver make out and mail to the presiding judge of the superior court a petition for certiorari, as alleged in his petition in this case? Answer: Yes." Upon the verdict of the jury the court rendered a judgment, that the prayers of petitioner be granted, that the verdict and judgment be set aside, fi. fa. cancelled, and that the case be remanded to the justice's court, and be there tried on its merits. To this judgment of the court the defendants except. They also assign error on the refusal of the court to sustain the demurrer.

1. We presume that the idea upon which the court entertained jurisdiction in this case was founded upon the general power of a court of equity to set aside a judgment obtained by fraud. It will be observed that there was no charge in the

equitable petition of any fraud against the defendants, or their agents or attorney. The sole attack made upon the verdict and judgment is, that the justice of the peace, in whose court the case was tried before a jury, had previously stated to the plaintiff and his attorney that the case would not be tried on the first day of the court, Wednesday, as there would be no jury business transacted that day', but that it would be tried on Thursday. The plaintiff and his attorney relied on this assurance, and never appeared at the court until Thursday, when they discovered that, contrary to the judge's promise, the case had been tried the previous day. Ordinarily a court of equity has no power to set aside a verdict in another court simply on account of a mistake made by the presiding judge in failing to act in accordance with such an oral statement previously made. Such was the decision of this court in the case of *Morris* v. *Morris*, 76 *Ga.* 733. In that case it was contended that the ordinary, before whom a case was pending, granted leave of absence to counsel for plaintiff in error, who desired to be absent from the State at one term of the court, and that the ordinary stated to opposing counsel that he would notify him when the case would be heard, but forgot to do so. At a subsequent regular term of the court the case was tried, counsel for plaintiff having returned. It was held that this was not such a fraud as to furnish grounds for a court of equity to set aside a judgment. The decision was based upon this principle: "While equity may set aside a judgment for fraud, it must be fraud in the plaintiff in the judgment, or his counsel or agents." This view is not in conflict with the decision of this court in *Brewer* v. *Jones*, 44 *Ga.* 71. There the error for which relief was granted was a failure of the justice to discharge an official duty, by entering the name of defendant's counsel, who had leave of absence, as attorney for the plaintiff instead of defendant. In that case it appeared there was a valid defense to the suit, and the error of the justice was not discovered until it was too late to appeal. The case before us presents quite a different question, and its facts are very similar to those in the case of *Watkins* v. *Ellis*, 105 *Ga.* 796.

2. Apart from the above view of the case, we think there is

another conclusive reason why the court erred in the judgment rendered. There is no error complained of in the petition for which a petition for certiorari would not have been an ample and complete remedy. It is a well-recognized principle of equity that it will not set aside a judgment of any court on the ground of any error or mistake in the trial, for which the plaintiff has an adequate remedy at law, and which remedy he had ample opportunity of prosecuting. There is nothing in the pleadings in the case, or the finding of the jury, which indicates the exercise of due diligence on the part of plaintiff in prosecuting his proceedings for certiorari. The extent of the pleadings on this point is, that plaintiff's counsel sent to the judge a petition for a certiorari, and plaintiff upon information believes the court returned it to his counsel. The jury simply found the petition for certiorari was sent to the judge. It does not appear the judge ever received it, or that he sent it back to the attorney, or, if he did, what judgment was entered thereon, why it was not prosecuted further, nor does it appear that the petition for certiorari was lost, and, if lost, why the plaintiff did not sue out another, or establish a copy of the first one sued out, if the same had been sanctioned, or overruled. The decision, cited by counsel for defendant in error, in *Southern Railway Co.* v. *Daniels,* 103 *Ga.* 541, can not sustain his contention in this case. It will be noted in that case an effort was made by an affidavit of illegality to attack a judgment on the ground the same was obtained by fraud of the other party, unmixed with negligence on defendant's part. It was simply held the party could not go behind the judgment and set up such defense thereto by an affidavit of illegality, the court deciding further that if, after the discovery of such fraud, no remedy other than a resort to equity was available, a petition to set aside the judgment would lie. The marked distinction between that case and this is, that here there is no fraud charged upon the party, or his attorney, while in that case there was. Here there is an adequate remedy at law for the wrong complained of. In the decision cited the court recognized equity jurisdiction only when that was the only remedy available. Again, it appears from the record in this case that the verdict in the

justice's court, complained of, was for sixty-one dollars in favor of the defendants.   In the petition to set the same aside it is nowhere alleged that this was not justly due to the defendants, or that the plaintiff's cause of action could have been maintained on trial.   Generally a court of equity will not set aside a judgment where the person has had his day in court by due service, unless the pleadings invoking such a remedy set up a meritorious defense against the verdict or the judgment complained of.   See *Phillips* v. *Taber*, 83 *Ga.* 572.

It is further contended that the last verdict rendered in the justice's court is void, for the reason the justice had no right to set aside the first verdict on account of the disqualification of some of the jurors.   This may be true, but we can not see how the plaintiff was affected by it, as both verdicts were the same. Besides, if there was any error in this, it was simply one of law, which could have been corrected by the petition for certiorari. We therefore conclude, that the court erred in not sustaining the defendants' demurrer to plaintiff's petition, and further erred in rendering a judgment cancelling the verdict and judgment rendered the justice's court, and in remanding the case to that court for another trial.

<div align="right">

*Judgment reversed.    All the Justices concurring.*