## O'CONNELL BROTHERS *et al. v.* FRIEDMAN, KEILER & COMPANY.

1. When no defense to a suit brought in the city court of Macon is filed by the second Saturday of the first term, and an entry of default is made on that or any subsequent day, the case is ripe for trial and final judgment at any time after the making of the entry ; and after the rendition of final judgment all right to open the default is gone.
2. Even if the law contained in the Civil Code, § 5070, relating to the opening of defaults, is applicable to any suit brought in the city court of Macon, it has no application to a case in which final judgment has been entered.
3. There is no error in striking a traverse of an officer's return of service, when the officer is neither made a party nor given any notice of the filing of the traverse.

Argued October 9, — Decided October 30, 1903.

Petition for certiorari. Before Judge Felton. Bibb superior court. May 6, 1903.

*Marion W. Harris,* for plaintiffs in error.
*Steed & Ryals,* contra.

COBB, J. Suit was brought in the city court of Macon to the March term, 1902, which began on March 3. The appearance docket was called on March 15, which was the second Saturday in the term, and, no defense having been filed, the case was marked "in default." On March 21, final judgment was rendered. On April 12, during the term, a motion was made to open the default and set aside the judgment. At the same time the defendants filed a traverse of the sheriff's return of service as to one of

the defendants.    The judge refused to open the default and set aside the judgment, and struck the traverse of the sheriff's return of service.    The defendants made application for the writ of certiorari, which the judge refused to sanction, and error is assigned upon this judgment.    •

There was no error in refusing to open the default.    Under the law regulating the practice in the city court of Macon, the second Saturday in each term is fixed as the time for filing defenses in suits brought to that term.    The appearance docket is required to be called on or after the second Saturday of the term.    In cases where no defense is filed prior to the time above referred to, the judge, on the call of the appearance docket, is required to mark the same "in default."    All cases so marked are ripe for trial and final judgment at the first term; and it is distinctly provided that "after the rendition of final judgment in a case so marked in default, all right of opening such default shall terminate." Acts 1900, p. 147.

Even if the provision of the Civil Code, § 5070, providing that defaults may be opened in the superior court at any time within thirty days after the entry of default, is applicable to any case brought in the city court of Macon, they have no application to a case where final judgment has been rendered.' See, in this connection, *Mathews* v. *Bishop*, 106 *Ga.* 564; *Dodson Company* v. *Harris*, 114 *Ga.* 966, 969.    Treated as a motion to open the default, the motion filed by the defendants was without merit; and treated as a motion to set aside the judgment, it was also without merit, because no sufficient reason was given for vacating the judgment.

The fact that the case was in default constituted no sufficient reason for striking the traverse to the sheriff's return of service. *Kahn* v. *Southern B. & L. Ass'n*, 115 *Ga.* 459.    But there was in the traverse no prayer that the officer making the entry should be made a party, nor does the record disclose that he was given any notice of the filing of the traverse.    There was therefore no error in striking the traverse.    Civil Code, § 4988; *Southern Railway Company* v. *Cook*, 106 *Ga.* 450 (2), 453, and cit.; *Parker* v. *Medlock*, 117 *Ga.* 813.

*Judgment affirmed.    All the Justices concur.*