## TIFT *et al. v.* SHAW, sheriff.

1. The failure of the deputy clerk of a city court to notify the claimant's attorney of record when the court would convene, and to send him a calendar and keep him informed as to when the claim case would be tried, was no cause for injunctive restraint of a suit on the delivery bond given on interposing the claim.

2. On the remaining issue raised by attack on the judgment rendered in the claim case, the evidence was conflicting and did not require a finding for the plaintiff; and the refusal of an injunction was no abuse of discretion.

No. 2079. FEBRUARY 17,` 1921.

Petition for injunction. Before Judge Eve. Tift superior court. May 15, 1920.

*B. C. Williford,* for plaintiffs.

*Passmore & Forehand* and *Ridgdill & Mitchell,* for defendant.

ATKINSON, J. A statutory claim was interposed to a levy made on personalty under a fi. fa. issued from the city court of Sylvester. The claimant executed a forthcoming bond, and obtained possession of the property. On the trial of the claim case, on call of the docket at a regular term of the city court, during the absence of claimant and his attorney, a verdict was returned finding the property subject, and judgment was duly entered. The property was readvertised; and the claimant having failed to produce it as provided in the bond, the sheriff instituted suit in the city court, for the use of the plaintiff in fi. fa., against the claimant and the surety on the forthcoming bond. Thereafter the claimant brought an equitable suit in the superior court against the sheriff, to enjoin prosecution of the latter suit, and for other relief. The exception is to the refusal of an interlocutory injunction.

1. The failure of the deputy clerk of the city court of Sylvester to notify the attorney of record for the claimant when the court would convene, and to send such attorney " a calendar and to keep him informed " as to when the case would be tried, will not furnish ground for attacking in equity the judgment rendered in the claim case as void, although neither the claimant nor his attorney had actual notice of when the case would be tried. *Johnson* v. *Driver,* 108 *Ga.* 595 (34 S. E. 158) ; *Park* v. *Callaway,* 128 *Ga.* 119 (57 S. E. 229) ; *Lanier* v. *Nunnally,* 128 *Ga.* 358 (57 S. E. 689).

2. Another ground of attack upon the judgment, alleged in the equitable petition, was that claimant's attorney had employed the attorney for plaintiff in fi. fa. (without knowing that he was such)

to assist him in the trial of the claim case, and that the attorney so employed, without notifying claimant's attorney when that case would be tried, proceeded in his absence, for the plaintiff in fi. fa., with the trial of the claim case and obtained judgment against claimant. The answer denied such employment or any duty to inform claimant's attorney when the case would be tried; and the evidence submitted at the interlocutory hearing of the suit in equity on those issues was conflicting, and did not require a finding for the plaintiff. There was no abuse of discretion in refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*