## 17011.   DABNEY *v.* BENTEEN.

BROYLES, C. J. 1. "Until the end of the term at which rendered, judgments are in the 'breast of the court,' and may be set aside or modified at the judge's discretion; but to set aside a final judgment based on a verdict, except for defects appearing on the face of the record, the verdict must also be set aside; and the verdict is not 'within the breast of the court' in the sense that the judgment is." *Ga. Ry. & Electric Co.* v. *Hamer*, 1 *Ga. App.* 673 (58 S. E. 54), and citations.

2. To set aside a verdict and judgment, even where the movant alleges that the verdict was obtained by fraud, it must be shown, among other things, that the movant has a meritorious defense. *Roberts* v. *Roberts*, 150 *Ga.* 757 (1) (105 S. E. 448), and citations. It is obvious that the burden is on the movant to show *by a preponderance of the evidence* that he has a meritorious defense, and that where he fails to carry the burden the judge has no discretion in the matter except to deny the motion.

3. In the instant case, conceding (but not deciding) that the demurrer to the motion to set aside the verdict and judgment was properly overruled, upon the hearing of the motion the movant failed to show by a preponderance of the evidence that he had a meritorious defense. On the contrary, the overwhelming weight of the evidence was against his defense. Under these facts, and the above-stated rulings, the court erred in sustaining the motion and setting aside the verdict and judgment.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 3, 1926. REHEARING DENIED APRIL 14, 1926.

---

Appeal and Error, 4 C. J. p. 648, n. 25 New; p. 840, n. 30; p. 843, n. 65. Judgments, 34 C. J. p. 207, n. 5; p. 329, n. 55; p. 333, n. 59; p. 334, n. 65; p. 376, n. 16.

Trover; from city court of Atlanta—Judge Reid. November 5, 1925.

*Lowndes Calhoun,* for plaintiff.   *Helen Douglas,* for defendant.

ON MOTION FOR REHEARING.

BROYLES, C. J.   It is true as contended by counsel for the defendant in error in her motion for a rehearing that this court has authority to correct errors of law only.   The correction of errors of fact is beyond its jurisdiction.   In the instant case, however, it appearing that the court abused its discretion in setting aside the *verdict of the jury* and the judgment based thereon, the error was one of law.   The ruling stated in the 4th headnote of *Bunn* v. *Hargraves,* 3 *Ga. App.* 518 (60 S. E. 223), that "this court has no power to determine that the preponderance of the evidence is in favor of one party to a cause rather than the other, or to award a new trial in any case where there is any evidence sufficient to support the *verdict* rendered (italics ours)," is obviously not controlling in a case like the one at bar.          *Rehearing denied.*