## 17846.　JOHNSON v. LOCK, administratrix.

BROYLES, C. J.　1. The bill of exceptions complains of the denial of a motion to vacate and set aside a judgment and verdict in a lien-foreclosure case.　The motion was based upon the alleged ground that the affidavit upon which the execution issued was null and void, for the reason that it did not allege that the tenant in question was "removing" or "seeking to remove" his crops from the rented premises, but alleged merely, in this connection, "that part of the crop has been moved by said tenant from the premises." *Held:* (a) 'This defect in the affidavit was amendable. Civil Code (1910), § 5706; *Collins* v. *Taylor*, 128 *Ga.* 789 (58 S. E. 446). (b) "A judgment can not be arrested or set aside for any defect in the pleadings or record that is aided by verdict, or amendable as matter of form." Civil Code (1910), § 5960.

2. The motion to vacate and set aside the verdict and judgment was further defective in that it failed to show, or even to allege, that the movant had a meritorious defense. *Roberts* v. *Roberts*, 150 *Ga.* 757 (105 S. E. 448); *Dabney* v. *Benteen*, 35 *Ga. App.* 203 (2) (132 S. E. 916).

3. Under the above-stated rulings the court properly denied the motion to vacate and set aside the verdict and judgment.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 12, 1927.

Lien foreclosure; from city court of Dublin—Judge Bidgood. October 30, 1926.

*W. A. Dampier,* for plaintiff in error.

*M. H. Blackshear, D. P. Tinley,* contra.

Judgments, 34 C. J. p. 277, n. 85; p. 329, n. 55.