## DORSEY v. GRIFFIN et al.

HINES, J. 1. A magistrate when not presiding in court does not act judicially in answering questions put by parties as to whether or not a case will be tried at the term to which the same is returnable, or will be continued to a subsequent term; and a party shaping his conduct by such answer must take the risk of the opposite party objecting to a postponement of the case and insisting upon a trial of the same at the time fixed by law. *Watkins* v. *Ellis*, 105 *Ga.* 796 (32 S. E. 131).

2. A court of equity will not set aside a verdict and judgment rendered in a justice's court on the ground that the party cast in the suit and his attorney were prevented from attending the court by a statement previously made to them by the justice of the peace that the case would not be tried on the day when the same was actually set, but on the next day thereafter, when the petition seeking such equitable relief does not charge any fraud on the opposite party or his counsel or agents, and when it fails to set forth any meritorious defense against the recovery had by the verdict. *Johnson* v. *Driver*, 108 *Ga.* 595 (34 S. E. 158).

3. Where equity has jurisdiction to set aside a judgment obtained through the perpetration of a fraud, it must be made to appear in an application for this purpose that the fraud was perpetrated by the adverse party or his counsel or agents. *Morris* v. *Morris*, 76 *Ga.* 733; *Lanier* v. *Nunnally*, 128 *Ga.* 358 (57 S. E. 689).

4. The petition having failed to allege that petitioner had filed a meritorious defense to the suit in which judgment was rendered against him in the justice's court, a court of equity will not interfere to set aside such judgment. Civil Code (1910), § 4585; *Southern Ry. Co.* v. *Planters Fertilizer Co.*, 134 *Ga.* 527 (68 S. E. 95).

5. Treating the allegations of the petition as showing a statement by the justice agreeing to continue this case upon the ground that the defendant was engaged in another court as leading counsel for a defendant in a murder case in a county other than that in which this case was pending, and the allegations not showing that the justice had this case under consideration at the time he made such statement, and the allegations further showing that counsel for the opposite party had refused to consent for a continuance of the cause on the ground upon which it was sought, the defendant acted upon such statement at his risk that the opposite party would insist on the trial of this case at the time appointed by law, the law not making the absence of a party a ground of continuance for the reason that such party is an attorney at law and is engaged as leading counsel for a defendant in the trial of a murder case.

6. Applying the above rulings, the trial judge did not err in sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

No. 8458. NOVEMBER 13, 1931.

804

*A. R. Dorsey,* for plaintiff. *Kobak & Levy,* for defendant.