NEW YORK LIFE INSURANCE COMPANY *v.* COOK *et al.*

GILBERT, Justice. The exception, among other grounds, is to the setting aside of the verdict by the court and granting a new trial, in the absence of a motion by any party. *Held:*
1. There is no provision in law for setting aside a verdict except upon a motion for a new trial, or a motion equivalent to a motion for a new trial, except as provided in the Code of 1933, § 6-804. *Sanders* v. *State,* 84 *Ga.* 217 (10 S. E. 629); *Hyfield* v. *Sims,* 87 *Ga.* 280 (13 S. E. 554); *Bell* v. *Martin,* 142 *Ga.* 55 (82 S. E. 444); *Lovelace* v. *Lovelace,* 179 *Ga.* 822, 827 (177 S. E. 685); and see *Fain* v. *Fain,* 166 *Ga.* 504 (143 S. E. 586).

2. The present case falls within the general rule; and a motion for a new trial being a prerequisite to setting aside the verdict, the court was without authority to do so ex mero motu, and to grant a new trial.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

In a motion for a rehearing attention is called to an assignment of error contained in the bill of exceptions and not decided. It is now directed that, on the filing of the remittitur in this case in the trial court, the court render a judgment in accordance with the verdict of the jury. This direction is a sufficient ruling on the assignment of error mentioned.

*Rehearing denied.*

No. 10986. APRIL 15, 1936. REHEARING DENIED MAY 14, 1936.

*Bryan, Middlebrooks & Carter* and *B. Hugh Burgess,* for plaintiff.