18836.   BUCHANAN *v.* NASH *et al.*

ARGUED JANUARY 12, 13, 1955—DECIDED FEBRUARY 14, 1955.

*C. W. Buchanan,* for plaintiff in error.
*Weekes & Candler,* contra.

WYATT, Presiding Justice. The parties to this bill of exceptions argue, in their briefs in this court, primarily the question of whether or not the amendment of September, 1954, served to open the default judgment in the case, and whether the motion to open the default was sufficient. This argument overlooks the controlling question in the case. Code § 110-404 and the cases relating to the opening of a default have no application in a case where there has been a jury verdict and judgment entered thereon. See *O'Connell Bros.* v. *Freeman, Keiler & Co.,* 118 *Ga.* 831 (45 S. E. 668), and cases there cited.

The defendants in error contend that the case is controlled by Code § 81-1312 relating to amendments, and that they are entitled to a reasonable time in which to file their plea and answer. This argument likewise overlooks the fact that there has been a jury verdict in the case and a final judgment entered thereon.

The controlling question in this case is whether or not the judgment of the court below setting aside the verdict of the jury and the judgment entered thereon was error. So long as the verdict and judgment stand, the case is at an end, and no default may be opened and no defensive pleadings filed, amendment or no amendment.

While it is the law that a trial judge has a broad discretion as to whether or not a judgment shall be set aside within the term at which it was rendered, this rule does not apply when the judgment sought to be set aside is based upon a jury verdict. *Dabney* v. *Benteen,* 35 *Ga. App.* 203 (132 S. E. 916). "There is no provision in law for setting aside a verdict except upon a motion for a new trial, or a motion equivalent to a motion for a new trial, except as provided in the Code of 1933, § 6-804." *New York Life Ins. Co.* v. *Cook,* 182 *Ga.* 409 (185 S. E. 711); *Lucas* v. *Lucas,* 179 *Ga.* 821 (177 S. E. 684); *Lovelace* v. *Lovelace,* 179 *Ga.* 822 (177 S. E. 685), and cases cited. "A motion to set aside a verdict, based on matters not appearing on the face of the record, is not an available remedy to avoid the verdict, unless the motion is of such form and content as to be in substance a motion for a new trial and complies with the rules governing such motion." *Dollar* v. *Fred W. Amend Co.,* 186 *Ga.* 717 (198 S. E. 753), and cases cited.

The instant case clearly comes within the rules stated above. The judgment is based upon a jury verdict, and before it can be set aside, the verdict of the jury must be set aside, and this can be done only by a proper motion for new trial or a motion which is in substance a motion for new trial. The motion here involved is not a motion for new trial, does not purport to be a motion for new trial, can not be construed to be a motion for new trial, and does not comply with the rules of law relating to motions for new trial. Nor is it even contended that this is a bill in equity seeking to set aside a verdict and judgment for fraud or other equitable reason.

It follows, therefore, that the judgment of the court below setting aside the judgment and verdict previously rendered was error.

*Judgment reversed. All the Justices concur. Candler, J., concurs in the judgment only.*

CANDLER, Justice, concurring specially. I concur in the judgment of reversal, but for a reason different from the one stated in the opinion. The movants did not allege that they had a meritorious defense; this being so, the amended motion was fatally defective and the general demurrer which the plaintiff interposed thereto should have been sustained by the trial judge. A court will not do the vain and useless act of vacating a verdict and setting aside a judgment when the same result will in all probability be reached on another trial. *Phillips* v. *Taber*, 83 *Ga.* 565 (10 S. E. 270); *Johnson* v. *Driver*, 108 *Ga.* 595 (34 S. E. 158); *Roberts* v. *Moore*, 113 *Ga.* 170 (38 S. E. 402); *Jewell* v. *Martin*, 121 *Ga.* 325 (48 S. E. 529); *Dorsey* v. *Griffin*, 173 *Ga.* 802 (161 S. E. 601). Since the amended motion was demurrable and should have been dismissed on general demurrer, all subsequent proceedings taken in the case are nugatory.