### 19588. HOLLAND v. HOLLAND.

CANDLER, Justice. On the ground of cruel treatment, Floyd Lee Holland sued Sara Jo Deems Holland for divorce. By her answer, the defendant denied the plaintiff's allegations respecting cruel treatment, and by cross-action alleged that the plaintiff had wilfully inflicted acts of cruelty on her. She prayed for divorce, for temporary and permanent alimony, and for custody of their two minor children. On February 28, 1956, a jury granted the plaintiff a divorce, removed the defendant's disabilities, and required the plaintiff to pay a specified amount per week until a fixed date for the support of his children. A judgment was pursuantly entered on April 5, 1956. No motion for new trial was filed, but on August 29, 1956, the defendant filed a motion to set aside the verdict and judgment on the ground that the plaintiff had neither alleged in his petition nor proved on the trial that the acts of cruelty complained of were wilfully inflicted by the defendant with an intent to wound him. On October 18, 1956, the trial judge set aside and va-

cated the verdict and judgment. The plaintiff excepted. *Held:* "There is no provision in law for setting aside a verdict except upon a motion for a new trial, or a motion equivalent to a motion for new trial, except as provided in the Code of 1933, § 6-804." *New York Life Insurance Co.* v. *Cook,* 182 *Ga.* 409 (1) (185 S. E. 711); *Lovelace* v. *Lovelace,* 179 *Ga.* 822 (1e) (177 S. E. 685); *Buchanan* v. *Nash,* 211 *Ga.* 343 (86 S. E. 2d 111), and the cases there cited. For a motion to set aside a verdict to be the equivalent of a motion for new trial, it must be of such form and content as to be in substance a motion for new trial, and comply with the rules governing such a motion. *Dollar* v. *Fred W. Amend Co.,* 186 *Ga.* 717 (198 S. E. 753), and the cases there cited. The motion in this case was not filed until after the expiration of six months from the day on which the verdict sought to be set aside was rendered. Hence, it cannot be treated as a motion for new trial, or a motion equivalent thereto. The judgment complained of is therefore erroneous.

*Judgment reversed. All the Justices concur.*

SUBMITTED JANUARY 15, 1957—DECIDED FEBRUARY 12, 1957.

*Cecil D. Franklin,* for plaintiff in error.

*Marson G. Dunaway, Jr.,* contra.