39070.  HOMASOTE COMPANY v. STANLEY.

DECIDED OCTOBER 16, 1961.

*Charles R. Adams, Jr.,* for plaintiff in error.

*Walter H. Bolling,* contra.

HALL, Judge. ■ Special ground 1 of defendant's motion for new trial is that "the court erred in charging the jury that 'this case is in default, *that is,* there have been no appearances or answers filed by the defendant.'" (Emphasis supplied). We agree with defendant's contentions, for which it cites authorities, that in an attachment proceeding the defendant may make his defense at any time before final judgment (*Code* § 8-603), and that the plaintiff in this case was not entitled to verdict and judgment by default as provided by *Code Ann.* § 110-401. *Askew v. Melvon,* 144 Ga. 348, 352 (87 SE 278). The court's language conveyed to the jury only the meaning that the defendant had made no appearance or defense. The court stated this fact, which was true, as an explanation of the words "this case is in default." We could not reasonably expect a lay jury at this trial to get a different meaning from the court's language and

apply it harmfully to the defendant. It is not necessary in considering a charge to assume a possible adverse construction, but a charge that, as understood by jurors of ordinary capacity and understanding, is not harmful to the complaining party, is not ground for a new trial. *Roberts v. McClellan,* 80 Ga. App. 199, 205 (55 SE2d 736); *Georgia Railroad v. Thomas,* 73 Ga. 350, 356; *Purdy v. Quinn,* 104 Ga. App. 385 (121 SE2d 699).

■ Special ground 2 is that "the court erred in charging the jury that 'there is no contest involved other than the amount of damages.'" The defendant contends that this charge "removed from the consideration of the jury the issue of whether plaintiff in attachment had proved his cause of action against the defendant as alleged in his declaration, which said issue should have been determined by the jury." The case cited by the defendant clearly holds that in an attachment case the plaintiff is not entitled to judgment against the attached property without proof of his demand. *Fincher v. Stanley Electric Mfg. Co.,* 127 Ga. 362 (56 SE 440). When that case came on for trial, "counsel for plaintiff submitted evidence showing that without their knowledge or consent, and without payment of their fees, the parties had made a settlement of the case. Proof was made as to what would be reasonable attorney's fees for counsel for the plaintiff, *but no further evidence was submitted to establish the alleged indebtedness to the plaintiff.*" (Emphasis supplied.) In the present case the plaintiff submitted evidence to prove his declaration. There was in fact no contest as to this evidence—it was uncontradicted. The court would have been authorized to direct a verdict if the damages had been liquidated. *Walden v. Barwick,* 72 Ga. App. 545 (34 SE2d 552); *Seabolt v. Christian,* 82 Ga. App. 167 (60 SE2d 540); *Watson v. Davis,* 97 Ga. App. 378 (103 SE2d 182). The charge complained of left the question of damages to the determination of the jury, which was proper. *Tyson v. Brown,* 144 Ga. 684 (87 SE 887); *Howard Supply Co. v. Bunn,* 127 Ga. 663 (56 SE 757); 53 Am. Jur. 313, § 389. Accord, *Bray v. Ga. Natural Gas Corp.,* 58 Ga. App. 490 (199 SE 239); *Guy v. Riley,* 51 Ga. App. 404, 405 (180 SE 624). In view of the evidence, even if we assume that the charge attacked was error, it was not harmful to the defendant and is not ground for a new trial.

■ Special ground 3 is that "the court erred in failing to give in its charge to the jury any rule to guide the jury as to the manner and method of computing and arriving at damages claimed by plaintiff in attachment against defendant." "The fact that a case is in default does not obviate the necessity of instructing the jury as to the proper measure of damages so as to guide it in its deliberations upon the amount of its verdict. To hold otherwise would defeat a basic purpose of the legislation requiring submission of the issue of unliquidated damages to the jury." *Mills v. Quick,* 99 Ga. App. 461, 465-466 (109 SE2d 65).

The overruling of special ground 3 of the motion for new trial was error.

■ Special ground 4 is that "the court erred in failing to charge the jury the following principle: 'Jurors are not absolutely bound by opinion testimony as to the amount of damages suffered by the plaintiff, although such testimony may not be contradicted by any other evidence in the case, and may by their verdict place a lower value upon the amount of damages suffered.' " The above language that the defendant contends the court should have charged is a correct statement of law, supported by authorities cited by the defendant. However, "in the absence of a timely written request, the mere fact that opinion evidence was introduced does not require an instruction as to the weight of such evidence." *Fort v. State,* 31 Ga. App. 525 (121 SE 128).

■ Special ground 5 is that "the court erred in failing to charge the jury the law as to proof of special damages, which is as follows: 'Special damages are such as actually flowed from the act, and must be proved in order to be recovered.' " We find no case holding that it is error, without request, to omit to give such a charge. We do not think the language the defendant contends should have been charged embodies a "substantial, vital, and controlling issue presented by the pleadings and the evidence," upon which the court had a duty to instruct in the absence of a special request. *Allmond v. Mount Vernon Bank,* 53 Ga. App. 565 (186 SE 581); *Scott Company, Inc. v. Crain,* 55 Ga. App. 514, 517 (190 SE 629).

■ Special ground 6 is that "the court erred in failing

. . . to give any instructions in its charge to the jury as to plaintiff's burden of proof in said case, to wit: That even though there had been no appearance or answer filed by the defendant, it was still incumbent upon plaintiff in an attachment proceeding in rem to prove the allegations of his declaration by a preponderance of the evidence before he could be entitled to recover any damages resulting therefrom." Again we agree with defendant's contention as to plaintiff's burden of proof. *Fincher v. Stanley Electric Mfg. Co.*, 127 Ga. 362, supra. But it is not error for the court, in the absence of a proper request, to omit to charge upon the burden of proof. *New York Life Ins. Co v. Bradford*, 55 Ga. App. 248 (189 SE 914); *Small v. Williams*, 87 Ga. 681 (13 SE 589). We find nothing in *Mitchell v. Union Bag & Paper Corp.*, 75 Ga. App. 15 (42 SE2d 137), cited by defendant, nor in defendant's argument, that would require a different rule in attachment cases, or in this particular case.

The omissions to charge complained of in special grounds 4, 5 and 6 of the motion for new trial were not, in the absence of proper requests, error nor harmful to the defendant.

■ We now turn to the assignment of error on the court's sustaining plaintiff's demurrer to defendant's motion in arrest of judgment. The broad discretion of the trial judge to arrest or set aside a judgment during the term at which it was rendered, for defects not amendable which appear on the face of the record or pleadings, does not apply to a judgment based on a jury verdict. *Buchanan v. Nash*, 211 Ga. 343, 344 (86 SE2d 111); *Dabney v. Benteen*, 35 Ga. App. 203 (132 SE 916); *Hall v. First Nat. Bank of Atlanta*, 87 Ga. App. 142 (73 SE2d 252); *Sanders v. Beyer*, 94 Ga. App. 46 (93 SE2d 348).

"A judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." *Code* § 110-705. When the irregularities in the record can be corrected by amendment, the judgment will not be arrested or set aside. *Burch v. Dodge County*, 193 Ga. 890, 891 (20 SE2d 428); *Hubbard v. Whatley*, 200 Ga. 751, 759 (38 SE2d 738); *Philip Carey Co. v. Sheppard*, 19 Ga. App. 368 (91 SE 444). Defects in matters of form can be amended.

■

642

*Merchants Grocery Co. v. Albany Hardware &c. Co.*, 44 Ga. App. 112 (160 SE 658). An irregularity in the judgment as to its amount may be corrected by amendment. *Johnston v. Sheppard*, 22 Ga. App. 206 (95 SE 743); *Walker v. Turner*, 203 Ga. 525 (47 SE2d 504).

The cases cited by defendant do not support its motion in arrest on the ground that the judgment lacked finality. The substantial issues between the parties had been determined. The sums recoverable from the funds in the hands of the garnishees to make up the amount of the verdict were easily ascertainable by subtraction. It was said in *Moody v. Muscogee Mfg. Co.*, 134 Ga. 721, 732 (68 SE 604, 20 AC 301), "A verdict or judgment for a given sum as principal with interest thereon from a given date, has always been regarded as not wanting in certainty. The problem of ascertaining the difference between two numbers is by no means as complex as that of the calculation of interest." It was not error to sustain the general demurrer to the motion in arrest of judgment.

The trial court erred in overruling defendant's motion for new trial for the reason stated in Division 3 of the opinion.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*