## 40122. GEETER (GRATER) v. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY OF CHATTANOOGA, TENNESSEE.

CARLISLE, Presiding Judge. On December 29, 1962, Otis Geeter, also known as Otis Grater, filed suit on an insurance policy in the City Court of Athens against the Interstate Life & Accident Insurance Company of Chattanooga, Tennessee. The suit was served on the defendant's agent on December 31, 1962, and the case came on for trial on February 12, 1963, during the February term, 1963, which convened on Monday, February 11, 1963. Section V of the Act approved December 18, 1894 (Ga. L. 1894, pp. 210, 211), relating to the City Court of Athens, provides that all civil cases shall be returnable to and triable at the regular quarterly term of said court, after 20 days having elapsed from the filing and docketing, and the same shall be served on the defendant at least 15 days before the term at which the case is returnable and triable. The section further provides that, "The appearance term of said court is hereby abolished, and the defendants shall file their defenses on or before the first day of said term of said court, and said cases shall then be tried unless continued, postponed, or passed on by the court for such causes and under such rules as cases are now continued, postponed, or passed on, or unless not reached by the court."

No answer or defense or appearance had been made by the defendant when the case was regularly called for trial on the second day of the term and marked in default by the trial judge, who proceeded immediately thereafter to enter up judgment in favor of the plaintiff against the defendant in the face amount of the policy. Thereafter, on the same day the defendant filed a motion alleging that said default judgment had been rendered on the second day of the February term of the City Court of Athens and that the defendant, as a matter of right under *Code Ann.* § 110-401, had 15 days after February 11, 1963, in which to open the default by payment of costs and filing defenses, and that under said Code section, the plaintiff was not entitled to a judgment by default until the expiraton of such period of 15 days, and prayed that the trial judge enter an order vacating the final judgment and granting leave to defendant to file defensive pleadings upon

payment of all costs accrued at the time of the rendition of said "default judgment." This motion was granted by the trial judge without notice to the opposing party or his counsel by vacating and withdrawing the final judgment and reinstating the case on the pending docket with the right of defendant to open the default at any time within 15 days after February 11, 1963, by filing defensive pleadings and paying all costs accrued at the time said case was marked in default. The case is before this court on the exceptions to the ruling of the trial court above stated. *Held:*

Defendant in error, defendant below, seeks to sustain the action of the trial judge by contending that the Act approved August 7, 1912, applying to the City Court of Athens (Ga. L. 1912, pp. 189, 190) had the effect of making *Code Ann.* § 110-401 applicable to the instant case. This Act provides that after its passage "Defaults in the City Court of Athens shall be *opened* under the same rules and restrictions as in the Superior Courts, and the Judge of said Court shall have the same authority and discretion as to opening defaults that Judges of the Superior Courts have." (Emphasis supplied). The fallacy of this contention is that *Code Ann.* § 110-401, relating to the time a case shall become in default and the time within which a plaintiff may be entitled to a judgment by default (See *Potts v. Smith Grain Co.,* 99 Ga. App. 270 (1) 108 SE2d 285; *Buchanan v. Treadwell,* 213 Ga. 155 (1) 97 SE2d 705), is inconsistent with the provisions concerning default set out in the Act of 1894 (Ga. L. 1894, p. 210) relating to the City Court of Athens and is therefore inapplicable to the present case. *O'Connell Bros. v. Friedman, Keiler & Co.,* 118 Ga. 831 (45 SE 668). *Code Ann.* § 110-404 relates to opening default before final judgment and it is this Code section to which the 1912 Act has reference. Since the rules and restrictions of *Code Ann.* § 110-401 are inapplicable to the City Court of Athens, it was proper for the trial judge to enter up a judgment by default on February 12, 1963. Treated as a motion to open the default, the motion filed by the defendant was without merit for the reason that a final judgment had been rendered in the case; and treated as a motion to set aside a judgment, it was also without merit, because no sufficient reason was given for vacating the judgment. *O'Connell Bros. v. Friedman, Keiler & Co.,* 118 Ga. 831, supra.

The order, granting the defendant's motion under *Code Ann.* § 110-401, to set aside the judgment by default was erroneous.

*Judgment reversed. Bell and Hall, JJ., concur.*

DECIDED JUNE 27, 1963—REHEARING DENIED JULY 29, 1963.

*Guy B. Scott, Jr.,* for plaintiff in error.

*Fortson, Bentley & Griffin, Edwin Fortson,* contra.