CANNON vs. HARROLD, JOHNSON & Co.

1. After a motion to set aside a judgment by default has been overruled on the ground that no meritorious defense to the action was shown, it is too late to amend the motion by adding pleas setting up new defenses.

2. A motion to vacate a judgment by default, on the ground that defendant was sick when it was rendered, and could not put in his plea, was properly overruled, no reason being shown why the plea was not filed before the trial term.

Pleadings. Amendment. Practice in the Superior Court. Judgments. Before Judge CRISP. Sumter Superior Court. October Adjourned Term, 1877.

After a judgment by default against him, Cannon moved to set it aside on the following ground:

"Because defendant had a good cause of defense which will appear by reference to his plea hereto appended, and marked exhibit A., which he fully intended at said term of said court to set up against said suit, but was prevented from doing so by his extreme ill-health at that time, on which account defendant was unable to get to Americus, the place of holding said court, during the week in which said judgment was rendered by said court, in order to file said plea and make said defense."

The plea attached was the general issue.

The other facts will be found in the decision.

JOHN R. WORRILL, for plaintiff in error, cited on the proposed amendment, Code, §3479; 4 *Ga.*, 364.

HAWKINS & HAWKINS, for defendants.

WARNER, Chief Justice.

This was a motion to set aside a judgment rendered by the court in a case in which no issuable defense had been filed by the defendant on oath. The court overruled the motion, and the defendant excepted.

It appears from the certificate of the presiding judge, that after the judgment of the court overruling the defendant's motion had been announced, giving as a reason therefor that no meritorious defense to the plaintiffs' demand appeared to exist, the defendant then proposed the pleas contained in the record, and to reduce the same to writing, and make the same a part of his motion, which the court refused to allow him to do. There was no error in overruling the motion to set aside the plaintiffs' judgment; the defendant exercised no diligence in making his defense; he had from the appearance term of the court to the trial term thereof to have filed it, and no reason is given why he did not do so.

Let the judgment of the court below be affirmed.