## McCook vs. Moore.

A justice has no power to grant a new trial, and even if he could set aside a verdict and grant a new trial by consent of all parties, there is no law which compels him to do so. Therefore where a justice refused to set aside, under an agreement of the parties, a verdict rendered in his court, on *certiorari* his judgment was properly affirmed.

February 1, 1887.

Justices and Justice Courts. New Trial. *Certiorari.* Before Judge WILLIS. Muscogee Superior Court. November Term, 1885.

Reported in the decision.

C. J. THORNTON, for plaintiff in error.

THOMAS & CHANDLER, by HARRISON & PEEPLES, for defendant.

BLANDFORD, Justice.

Moore sued McCook in a justice's court and obtained a judgment. McCook appealed to a jury. Moore obtained a verdict in his favor. An agreement had been entered into between the counsel for Moore and McCook that the case should be continued at the time the verdict was rendered in the justice's court; it was further agreed between the parties, by their attorneys, that the verdict should be set aside. This agreement was in writing. Upon motion before the justice, he refused to set aside the verdict. This judgment was carried to the superior court by *certiorari*. The court affirmed the judgment of the justice, and this is excepted to, and error is assigned on said exception to this court.

A justice's court has no power to grant a new trial. The law does not confer such power upon a justice's court. But conceding that the justice might have granted a new trial by consent of all parties, yet there is no law that compels him to do so. Those inferior judicatories are not allowed by the law to interfere with any judgment they may render, upon the principle that, having rendered judgment, their jurisdiction of the matter ends. We are of the opinion that the ruling of the court below was right, and judgment is affirmed.