R. J. & J. McCAMY, for plaintiffs in error.
J. M. BELLAH, contra.

---

RICE & SAXE v. DODD & COMPANY et al.

1. A petition for injunction and receiver, which is imperfectly verified at the time a restraining order is made and a temporary receiver appointed, may, with leave of the presiding judge, be duly verified at the interlocutory hearing before the appointment of a permanent receiver.
2. In this case the verification as finally made was sufficient.
3. Unsecured creditors of an insolvent debtor, each of whose claims by open account is partly due and partly not due, may proceed under the insolvent traders' act (Code, §3149(a) et seq.) upon so much of their accounts respectively as is due, with or without setting forth such parts of the same as are not due.    And an affidavit submitted at the hearing as evidence of demand for payment, which states that demand was made "for payment of the debt due," may be construed as meaning, not that the whole amount was demanded, but only so much of it as was due.
4. On the pleadings and evidence, there was no abuse of discretion in granting an injunction and appointing a receiver.

March 26, 1894.    Argued at the last term.            Judgment affirmed

Petition for injunction and receiver. Before Judge LUMPKIN. Fulton county. December 23, 1893.

Three unsecured creditors of Rice & Saxe, an insolvent firm of traders in the retail grocery business, brought their petition praying for injunction, and for receiver to hold the assets of the firm. Upon the hearing the prayer was granted on condition that plaintiffs give a bond for $500, conditioned to pay defendants such damages as they might sustain in case the order for injunction and receiver be thereafter vacated and adjudged erroneous.

The affidavit to the original petition was by an agent of one of the plaintiffs, that the statements contained therein were true so far as they related to his own acts, and as derived from information and belief he believed them to be true. Upon this petition a temporary receiver was appointed; and plaintiffs filed an amendment, adding as exhibits itemized statements of their accounts against the defendants, showing the dates of each sale and the time of maturity of each account; and alleging demand and refusal to pay, and that a portion of the accounts was not due but the remainder was past due at the time of filing the petition. There were other allegations, attacking mortgages given by defendants to other persons not parties to the cause, alleging that the same were given with intent to hinder and delay plaintiffs and other creditors, and setting forth other acts and statements by defendants as having the same purpose and effect. The affidavit to this amendment was made by one of the plaintiffs, stating " that the facts contained in the foregoing amendment are true, and such statements as are made on information and belief he believes them to be true." Various other creditors were made parties plaintiff, whose accounts were sworn to be due and unpaid, some past due, and demand and refusal of payment sworn to. Defendants moved before the hearing to vacate the order appointing a temporary receiver,

for want of sufficient verification of the petition, for want of sufficient allegations as to the amounts due plaintiffs, and as to demand and refusal of payment; for want of equity, and for lack of necessary parties defendant. No direct ruling upon this motion was made, the case being fully heard; and during the hearing there were affidavits by plaintiffs and other persons, that affiants made demands on Saxe for the payment of the debt due plaintiffs, before the bringing of the petition, and payment was refused, Saxe admitting the failure of his firm; and that the statements made in the original petition were true, except as to one of the mortgages attacked, the allegations as to which affiants believed to be true. The pleadings and evidence were voluminous and conflicting.

Broyles & Son, for plaintiffs in error.

Mayson & Hill, Calhoun, King & Spalding, Simmons & Corrigan and Gaines & Etheridge, contra.