### HOWELL *v.* WARE & HARPER.

1. An equitable petition alleged as follows: A suit was brought against the present petitioner in a city court. He owed the plaintiffs nothing, and had a complete defense thereto, which was set out. He employed an attorney and placed the matter in his hands for the purpose of filing a plea or answer, but immediately after being employed the attorney was taken suddenly and violently ill, was confined to his bed and incapacitated for the performance of professional duties; and this continued until after the time for pleading had expired, the case

had been marked in default, and a verdict and judgment by default had been taken. The defendant in that suit, the present petitioner, was absent from the city where the court was held, on account of business, and had no knowledge of any of the facts above stated until his return, after the time had elapsed for making a motion to open an entry of default as matter of right, and he was in no way guilty of any fault in connection with the matter. Unless enjoined, execution will issue and be levied, causing damage, and it and the judgment can be used in aid of another suit growing out of the same transaction. Injunction and general relief were prayed. *Held*, that the petition was not subject to demurrer on the ground that it set out no cause of action, or that the petitioner had a complete and adequate remedy at law by a motion in the city court to vacate and set aside the judgment, or that it showed that the defendant was guilty of laches.

2. There was no abuse of discretion in denying an interlocutory injunction under the evidence.

Argued June 11,—Decided December 24, 1909.

Petition for injunction. Before Judge Pendleton. Fulton superior court. April 7, 1909.

Howell filed his equitable petition against Ware & Harper, alleging, in brief, as follows: On September 22, 1908, a suit was filed in the city court of Atlanta, returnable to the November term thereof, by Ware & Harper against the present petitioner. It was based on a claim for $137.50 as commissions due to the plaintiffs in that suit for selling a piece of real estate belonging to Howell. He had a good defense to the suit, namely, that Ware & Harper only had authority to sell the property for $3,500 in cash; that they did not do this, but requested him to sign a contract of sale to one Chomsky, by which the latter agreed to buy it on the following terms: $1,000 cash, on condition that Howell would place a loan of $2,000 on the property and defray all expenses incident to procuring the loan, and providing further that Howell would allow Chomsky to pay the balance of the purchase-money, amounting to $500, at the rate of $50 per month; that Howell refused to sign this contract or to sell the property otherwise than for $3,500 cash; that the real estate agents well knew that they had no authority to make the sale otherwise than as last stated; and that he owed them nothing. He heard nothing more of the matter until he was served with process and copy of a suit by Ware & Harper against him, alleging that he owed them $137.50 as commission, and also with a copy of a damage suit brought against him by Chomsky for $500. He immediately employed R. R. Shropshire, Esq., a practicing at-

torney, to represent him in the suit of Ware & Harper, and gave
to such attorney all the facts relative to his defense, as above stated,
and instructed him to file the necessary plea in the case at once,
which the attorney promised to do. Immediately after having been
thus employed, the attorney was taken suddenly and seriously ill
and confined to his bed, such illness completely incapacitating him
for the discharge of his professional duties. Howell was in entire
ignorance of this fact. On account of it no plea or answer was filed
to the suit of Ware & Harper, and on the call of the case at the
November term of the city court it was marked in default; and on
November 3, 1908, a verdict and judgment were taken against
Howell for the amount stated in the suit, with costs. A fi. fa. based
on this judgment is about to be issued, and will be levied on his
property, which will cause him great and unjust loss financially,
in that he will have to pay a fraudulent and unjust claim for serv-
ices that were never rendered to him. The fi. fa. and judgment
will further injure him, in that they can be introduced in evidence
in the trial of the damage suit brought against him by Chomsky,
which was based on an alleged sale of the property to him, and both
suits grew out of the same fraudulent transaction of the real estate
firm and Chomsky. Howell is an architect and contractor, and his
business keeps him out of the city of Atlanta a large part of the
time. He was absent from the city and the jurisdiction of the
court on business when the default was entered and the verdict and
judgment were taken against him, and had no opportunity for
knowing the facts until his return, and did not learn of them until
January 1 thereafter. He can not open the default, owing to the
fact that more than thirty days elapsed after such entry before his
return to the city. It was through no negligence of his that the
case was in default; and if there was any fault at all, it was that
of the attorney. Such attorney has not sufficient property above
the homestead and exemption allowed by law to respond to any
judgment which might be rendered against him, if he were in fault.
It was through an accident, owing to the sudden and unexpected
illness of his attorney, that his defense was not made at the proper
time. He charges that the verdict and judgment on the default
were fraudulent because the suit was fraudulent, being based on a
conspiracy between plaintiffs therein to swindle the present peti-
tioner out of the amount stated in it. He prayed for an injunction

against the issuance and levy of the fi. fa., for general relief, and for process. The court denied the injunction, and dismissed the petition on demurrer.

*W. E. Suttles* and *W. I. Heyward,* for plaintiff.

*Moore & Pomeroy,* for defendant.

LUMPKIN, J. (After stating the facts.) The petition was not demurrable on the ground that it set forth no cause of action or ground for relief. Taking its allegations as true, as must be done on the hearing of a demurrer, a judgment by default was rendered against the defendant in the former action, the petitioner in the present case, in a city court, to which suit he had a complete defense, which was not interposed because of the sudden illness of his attorney, entirely incapacitating him for attention to business, and without the knowledge of the defendant in the action, and without fault on his part. If there was in fact laches on the part of the defendant or his attorney, it does not appear on the face of the petition. The mere statement that the petitioner was free from fault in failing to make and file his defense, and if there was any fault on the part of any one it was on the part of his attorney, was not an admission of laches on the part of any one, especially when coupled with the direct allegation that the attorney was taken suddenly and seriously ill immediately after he was employed, and was confined to his bed and incapacitated for the discharge of professional duties, and that petitioner was absent without knowledge of this situation.

The only remaining question arising on the demurrer is whether the equitable petition filed in the superior court, which alone has equitable jurisdiction, for the purpose of enjoining a judgment and obtaining relief in regard thereto, should have been dismissed on the ground that there was an adequate remedy at law by a motion to vacate and set aside the judgment in the city court, where it was rendered. There was no special demurrer attacking the sufficiency of either the allegations or prayers of the petition. The only question raised was that just stated. Section 3987 of the Civil Code is a codification of the law previously existing, that "the judgment of a court of competent jurisdiction may be set aside, by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner." In 1 Black on Judgments (2d ed.), §338, it is said: "In some of the States,

it is held that the illness of a party, occurring on or continuing through the day of trial, and so severe as to confine him to his house and prevent him from attending the court and trying his suit, is such an 'unavoidable casualty or misfortune' as entitles him to have the judgment against him set aside." In this State it has been held that "a motion to vacate a judgment by default, on the ground that defendant was sick when it was rendered, and could not put in his plea, was properly overruled, no reason being shown why the plea was not filed before the trial term." *Cannon* v. *Harrold, Johnson & Co.,* 61 *Ga.* 158. In 1 Black on Judgments (2d ed.), § 339, it is said: "It is held by several respectable authorities that the illness of defendant's counsel, so severe as to prevent him from appearing and trying the case, is a good ground for vacating the judgment. This, however, has been fairly denied. It seems reasonable to hold that such an excuse would not be sufficient if the party had any opportunity to retain other counsel, or otherwise to escape the default or verdict. But if the attorney's illness was so sudden that there was no time to employ other counsel, or if it was unknown to the defendant, or he was unable to act in the matter, or no one was present to ask for a continuance, it would be manifestly unjust to visit the misfortune upon the defendant who was guilty of no carelessness or lack of diligence." It will be seen that where sickness is held to be a sufficient ground for setting aside a judgment, it is classified with accident and misfortune, as to which our code recognizes equitable jurisdiction as applying, unless the remedy be denied on account of laches. *Clifton* v. *Livor,* 24 *Ga.* 91; *McCall* v. *Miller,* 120 *Ga.* 262, 266 (47 S. E. 920). In some of the States a practice prevails by which it is necessary to bring a direct action in the form of a regular suit, with plenary proceedings, in which the relief demanded is the annulment of the judgment complained of. In others a motion in the court where the judgment was rendered, with notice to the adverse party, is generally employed. In this State the superior court has power to administer both legal and equitable remedies. If the ground for proceeding falls within the scope of equitable cognizance, and the superior court properly takes jurisdiction, the action will not necessarily be dismissed, even if there might have been a motion to vacate or set aside the judgment made in the city court. It is by no means certain that as complete relief could have been had in that

court as in the superior court. It was alleged that the time for opening the default had elapsed, that the judgment now attacked could be used in evidence in another case, and the execution issued would be levied on the petitioner's property, and he prayed for an injunction. Whether or not, under the facts, he was entitled to the relief sought is a different question; but we can not hold that the petition was subject to demurrer on any of the grounds stated. This ruling does not conflict with that in *Johnson* v. *Driver*, 108 *Ga.* 595 (34 S. E. 158), where there was a complete legal remedy by writ of certiorari, and the complainant had full opportunity to avail himself of that remedy. Besides, the allegation as to the defense was declared to be insufficient.

We do not think it necessary to the adjudication of this case to consider the different rulings as to when a motion to set aside a judgment will lie in this State, or to seek to reconcile any apparent want of harmony among them. We decide the present case on its facts.

An injunction was denied on the evidence. The bill of exceptions recites that the hearing was on April 7; the order in the record is dated March 7. The bill of exceptions recites that it was tendered in twenty days. The judge's certificate was dated May 5. If the tender be treated as in time, there was no abuse of discretion in the denial of the interlocutory injunction.

> *Judgment reversed. All the Justices concur.*