ROBINSON *v.* CARMICHAEL *et al.*

ATKINSON, J. The injunction should have been granted. The case differs from that of *Ayer* v. *James,* 120 *Ga.* 578 (48 S. E. 154), and the cases therein cited, all being from courts where the dockets were not so crowded as were those of the city court of Atlanta, and where the practice of assignment of cases was not the same. It was more like the case of *Howell* v. *Ware & Harper,* 133 *Ga.* 674 (66 S. E. 884), where a proceeding to set aside a judgment rendered by default in the city court of Atlanta, on the ground that the sudden illness of counsel had prevented him from filing a defense until the time for filing defenses had expired, was held not to be demurrable.

*Judgment reversed. All the Justices concur.*

JUNE 23, 1910.

Petition for injunction, etc. Before Judge Pendleton. Fulton superior court. November 24, 1909.

The plaintiff instituted suit to set aside a judgment and enjoin the enforcement of an execution, upon the ground that it was obtained by accident, as shown by the following facts: The suit in which the judgment was obtained was filed on August 18, 1908, returnable to the September term of the city court of Atlanta. The defendant therein employed counsel who, at the first term, filed a

meritorious defense.  The defendant was unfamiliar with the method of procedure in the court, and did not know what to do except to employ an attorney to look after the case.  The attorney employed agreed to represent the defendant, and to notify him when there was anything for him to do with reference to the case. The defendant did not hear anything more with reference to the case until November 1, 1909, after the date of the judgment, when the sheriff called upon him to pay the amount recovered. The illness of his attorney, hereinafter mentioned, had been unknown to the defendant, and he did not know when the case was to be tried.  Though residing in Fulton county, there was no evidence to show that, after employing an attorney and receiving the assurance that he would look after the case, the defendant ever made inquiry of his counsel or of the officers of the court in any manner concerning the case; but, for all that appears, he remained passive, trusting altogether to his attorney.  There was a custom in the city court of Atlanta for the judge, on Friday of every week, to have "bar calls" of the docket for the assignment of cases on the "trial calendar" to be tried during the succeeding week.  It was the custom for attorneys representing parties to cases likely to be called and assigned on the trial calendar to attend the bar calls, but it was not customary for parties to attend the bar calls. At the bar call on November 15, 1909, the case in question, being number 19822, was called for the first time from the general docket and placed on the trial calendar for October 18, 1909.  On October 25, a judgment was rendered in the absence of the defendant and of his counsel.  That was during the September term, 1909, of court, which adjourned October 30.  The attorney was not present at the trial, because on the 5th or 6th of October he was taken seriously ill with nervous prostration, and from that time until November 6 he was unable to attend to any business or to see any one or to discuss business, nor was he permitted to do so by his family or physician.  It was not until November 5, after the court had adjourned, that he knew that the case had been assigned to the trial calendar, or that a judgment had been rendered.  The attorney did not have any partner or associate.  After the sheriff's demand on November 1, defendant learned of the illness of his attorney, and employed other counsel, who, on November 2, filed the suit to set aside the judgment and enjoin the enforcement of the execution.

Uncontradicted evidence, substantially as above set forth, was introduced at the hearing. The judge denied the application for interlocutory injunction, and the plaintiff excepted.

*Moore & Branch,* for plaintiff.

*Lowndes Calhoun,* for defendants.