CLARK v. RAMSEY.

The petition to set aside the judgment was not subject to general demurrer.
SEPTEMBER 26, 1912.

Equitable petition. Before Judge Hammond. Richmond superior court. January 11, 1911.

*R. N. Hardeman,* for plaintiff. *M. C. Barwick,* for defendant.

FISH, C. J. The petition of the plaintiff in error, which was

to set aside a judgment, was dismissed on demurrer. She alleged that an ejectment suit was brought against her by W. W. Ramsey to the October term, 1909, of Burke superior court. When served with the pleadings in the case, she employed counsel and surrendered all her papers to him. Counsel prepared her defense; but did not file it. He was ill at that term of court, and had a leave of absence. At the trial term the attorney was still ill and had a leave of absence for that term of the court. The client was an old and infirm woman, unable to attend court on account of her age and feeble health, and relied upon her counsel to protect her rights. She was under the impression that her counsel had filed her defense, and made inquiry about her case at each term, and was informed of her counsel's illness and his leave of absence. At the trial term Ramsey's attorney knew of the employment of her attorney, of his illness and leave of absence, and took undue advantage of her condition and the illness of her counsel in pressing the case to judgment. By amendment she alleged a good defense against the ejectment suit.

The petition was equitable in its nature, and prayed equitable relief. "Equity will interfere to set aside a judgment of a court having jurisdiction only when the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident or the act of the adverse party, unmixed with fraud or negligence on his part." Civil Code, § 4585. Sudden illness of counsel has been treated as an accident or misfortune, and judgments have been vacated in cases where counsel was stricken with serious illness incapacitating him from filing a defense or representing his client, where the client was ignorant of counsel's illness. *Howell* v. *Ware,* 133 *Ga.* 674 (66 S. E. 884); *Robinson* v. *Carmichael,* 134 *Ga.* 654 (68 S. E. 582). There can be no question that at the trial term neither counsel nor client was in laches; the former had a leave of absence, which was an assurance to the latter that her case would not be tried. Besides it is alleged that opposing counsel was aware that counsel represented the client in the particular case and had a leave of absence for that term of the court. Good faith would have required him to disclose this information to the court; and it is not to be presumed that with this knowledge the court would have allowed the case pressed to trial.

As to the case being in default at the appearance term, and whether that default should be opened, depends upon the conclusion, under the facts alleged, whether counsel or client was negligent. The allegation is that counsel was sick, and on account of such sickness a leave of absence had been granted to him. While the time of his employment is not definitely alleged, it does appear that counsel was retained immediately after the service of the suit upon the client. That he was not ill at the time of his employment is inferable from the fact that he advised with his client, accepted her papers, and prepared her defense. From these facts, as against a general demurrer, we may conclude that counsel was stricken with illness, and was prevented from filing the defense on that account.

Was the client negligent? She was an old and infirm lady, residing some distance from the county seat; because of her old age and feeble health she was unable to attend that session of the court; she was under the impression that her defense had been filed; she made inquiry about her case, and was informed of her counsel's illness, and that a leave of absence had been granted him by the court. Under such circumstances we do not think the client was guilty of laches.

A motion to set aside and vacate a judgment can not be determined by any fixed rule, but depends upon the circumstances of the case. *Storey* v. *Weaver,* 66 *Ga.* 296. We think that under the allegations of the petition, admitted to be true on demurrer, the petition should not have been dismissed on general demurrer.

*Judgment reversed. All the Justices concur.*