## CLARK v. RAMSEY.

Under the pleadings and the evidence in this case, the court did not err in directing a verdict in favor of the defendant.

JULY 17, 1915.

Equitable petition. Before Judge Hammond. Richmond superior court. March 27, 1914.

*R. N. Hardeman,* for plaintiff. *M. C. Barwick,* for defendant.

HILL, J. From the record it appears that the plaintiff in the present case was sued for the recovery of a described tract of land, with mesne profits, in Burke county. The evidence shows that through her son she employed an attorney to defend the ejectment suit, which was brought to the October term, 1909, of Burke superior court. But no defense to the suit was filed at that term, and a verdict and judgment in favor of the plaintiff against the defendant, for the land and mesne profits, was rendered by default at the April term, 1910. On October 31, 1910, the present equitable petition was filed by the defendant (now plaintiff) to set aside the verdict and judgment, on various grounds set out in the petition, chief among which were that the plaintiff was old and infirm, being nearly eighty-one years old, and that she had no permanent place of residence, residing at different times with one of her four children, who lived at distances ranging from 18 to 25 miles from the county-site of Burke county. She was distinctly informed that the attorney employed for her by her son was sick and unable to attend to any business at the trial term of court, and for this reason she did not attend the term of court at which the judgment was obtained against her, but relied upon his filing an answer to the suit and representing her at the proper time, having employed him for that purpose. She did not know judgment had been rendered against her for more than thirty days after its rendition, and obtained this information indirectly from her son, who had been informed of it by the sheriff of Burke county. She did not attend court, because she knew of the physical condition of her attorney, and believed that he had leave of absence from the court on account of his physical condition, and that his business would be protected during his illness. She had turned over all her land papers to her attorney, but just what they were she could not recollect. She did not send any one to see her attorney at Waynesboro

before court, but received a·letter from his daughter stating that he was unable to attend court and that his business would be passed for the term, "upon which information I relied. In the utmost good faith I did not attend court, nor did I send any representative."

The evidence failed to show that the plaintiff's attorney had leave of absence from court at the appearance or the trial term. On the contrary, the uncontradicted evidence shows that plaintiff's counsel was in attendance at the appearance term. At the trial the plaintiff offered in evidence a deed from J. E. Templeton to Mrs. L. C. Clark, the plaintiff, together with a plat of the land attached to the deed, the deed purporting to convey the land in controversy in the ejectment suit. Before the plaintiff would be entitled to set aside the verdict and judgment in the ejectment suit, she must show that she not only has a meritorious defense to that suit, but was unable to make such defense, for some reason which would excuse her for a failure to do so. Assuming that she had a meritorious defense, has she carried the burden which the law places upon her of showing that she has exercised that care and diligence which every litigant must·exercise with reference to appearing in court, in person or by attorney, when summoned to answer suit, and making such defense as will protect and preserve her legal rights? This responsibility is placed upon all litigants, and it is their duty to *know* the status of their cases. It is not enough to simply employ an attorney, though it is the duty of every attorney to faithfully guard and protect his client's interest, and if he fails to do so he may be responsible for such failure. But there is a duty also on the litigant to see that the attorney is at his post of duty and files his client's defense. The plaintiff has utterly failed to prove her case as laid. When this case was formerly before this court, it was on petition and demurrer, and the facts alleged were to be taken as true. It was there said: "There can be no question that at the trial term neither counsel nor client were in laches; the former had a leave of absence, which was an assurance to the latter that her case would not be tried. Besides, it is alleged that opposing counsel was aware that counsel represented the client in the particular case and had a leave of absence for that term of the court." *Clark* v. *Ramsey,* 138 *Ga.* 726, 727 (75 S. E. 1128). The evidence in the instant case does not come up to these allega-

tions. It shows that the attorney employed by the plaintiff (then defendant) to represent her was in court at the appearance term, when her defense should have been filed, and that it was *not* filed. It does not appear that he had leave of absence on account of sickness or for any other cause, or why the defense was not filed. He did not ask for leave of absence or additional time in which to file an answer. He was in court and tried a case or cases. He had no leave of absence at the trial term, and no answer had been filed. Judgment was taken at the trial term without the knowledge of counsel for the plaintiff in that suit that there was any defense whatever to the suit, or that any attorney had been employed to represent the defendant therein. The case was in default as far as the record showed, and the plaintiff's attorney in the ejectment suit testified that he did not know Mrs. Clark was represented by counsel until he was informed by her present counsel in October, 1910, after the judgment was obtained in April, 1910; on the contrary, the attorney named as representing her had told him that he did not represent Mrs. Clark. The present case does not come up to the rule laid down in the case when it was here before (138 *Ga.* 727), to wit: "Sudden illness of counsel has been treated as an accident or misfortune, and judgments have been vacated in cases where counsel was stricken with serious illness incapacitating him from filing a defense or representing his client, where the client was ignorant of counsel's illness." So far as the record shows, no effort was made by the client or counsel to secure leave of absence on account of sudden or prolonged illness, or to postpone filing an answer for that or any other reason. The burden is on the plaintiff in the present case to show that she had a meritorious defense to the ejectment suit and was prevented from making it by fraud or accident, or the act of the adverse party unmixed with fraud or negligence on her part. Civil Code, § 4585. Having utterly failed to carry the burden imposed on her by law in order to set aside the solemn judgment of a court of competent jurisdiction, the court did not err in directing a verdict for the defendant.

　　　*Judgment affirmed. All the Justices concur.*