## CANNON *v.* JOHN B. DANIEL INCORPORATED.

Where a party employed as leading counsel to represent him in a suit in a given county one practicing at the bar of the county to which suit was to be brought, and such counsel undertook to prepare the pleadings, to follow the progress of the case in court, to advise his client and associate counsel as to the progress of the case, and where the associate counsel had none of these duties to perform, but had the right to expect notice from the leading counsel as to the progress of the case, and where the case was set down for hearing on demurrers filed by the defendant's counsel; if the leading counsel for the plaintiff was taken with illness so sudden and serious that he could not notify his client or associate counsel, nor attend to any business whatever, and the case came on for hearing on the demurrer in the absence of the plaintiff and his other counsel, who had no notice of such hearing, and the court thereupon passed an order sustaining certain demurrers but allowing a period of time for the filing of amendments to the petition to cure the defects pointed out by the demurrers, and the time thus allowed elapsed before the plaintiff or associate counsel of the attorney who was sick learned of the status of the case, and the suit was thereby dismissed, the plaintiff could maintain an equitable petition, under the provisions of section 5965 of the Civil Code, relating to the jurisdiction of equity in such matters, for the purpose of having the case reinstated; and it was error in the court to sustain a demurrer to such petition and dismiss it.

　　　No. 2923. MAY 20, 1922. REHEARING DENIED JULY 3, 1922.

Equitable petition. Before Judge Pendleton. Fulton superior court. October 24, 1921.

C. R. Cannon filed his equitable petition against John B. Daniel

Inc., in Fulton superior court, alleging that in November, 1920, he filed suit for damages in said court against the defendant; that in this suit he was represented by the late Alonzo Field, an attorney at law of Atlanta, Georgia, as leading counsel, and the late L. B. Norton, an attorney at law of Lithonia, Georgia, as associate counsel; that the name of a third attorney appeared on the petition as counsel, but plaintiff did not employ this last-mentioned attorney, did not authorize any one to employ him on his behalf, and did not know that his name was on the petition until March, 1921, nor did the attorney referred to know that his name was signed as attorney to the petition; that petitioner lived at Conyers, Rockdale county, Georgia, and he employed Alonzo Field because Field was a resident of Atlanta, and Field was employed to keep up with the court calendar, attend the bar calls, keep petitioner and his other counsel informed as to hearings on demurrers, and was relied on for this purpose; that Field was taken seriously ill on January 3, 1921, went to a hospital in Atlanta, and was confined to his bed in a dying and unconscious condition until January 31, 1921, when he died; that on January 27, 1921, when the demurrer filed by the defendant to petitioner's damage suit was heard, Field was then in a delirious and dying condition, and Norton was engaged in Rockdale superior court, he being a resident of Lithonia, about twenty-five miles distant from Atlanta; that Norton died on February 11, 1921; that petitioner did not know of Field's illness, nor that the demurrer was heard on January 27, 1921; that some time prior to January 27, 1921, the attorneys for the defendant had been notified by Field's stenographer that Mr. Field was sick and unable to try any cases in court; that defendant's attorneys agreed to check or continue all cases in which they and Field were opposing counsel, during his illness; that subsequently to Norton's death, about March 1, 1921, petitioner employed the firm of Harwell, Fairman & Barrett and Bond Almand, attorneys, to represent him in his damage suit against the defendant; that when these attorneys inspected the minutes of Fulton superior court they found that the defendant had interposed demurrers to petitioner's damage suit, and after a hearing on January 27, 1921, before Judge W. D. Ellis, an order was passed sustaining defendant's demurrers and dismissing the suit unless amended within twenty days; that at the time this was discovered

by the said attorneys, some thirty or forty days had passed, and the status of the suit was that same had been dismissed and final adjudication had upon the case; that at this hearing neither of petitioners's counsel was present, Field being sick and Norton being in Rockdale county.; that the absence of petitioner and of his counsel was not due to any negligence on the part of petitioner or his counsel, but was due to " accident, misfortune, or inadvertent mistake;" that the final adjudication of his damage suit operated unjustly and unfairly against his interests, and he has never had his day in court; and that said wrong should be corrected and said judgment on the demurrer be set aside, and petitioner be given an opportunity to be heard on the demurrer. Attached to the petition were copies of his damage suit, the demurrers thereto, and the order of the court sustaining the demurrers and dismissing the action.

To this petition the defendant filed its answer and demurrers, general and special. At the May term, 1921, of Fulton superior court a hearing was had on defendant's demurrer, and the court passed an order sustaining paragraphs 3, 4, and 7 of the same, and dismissing the petition unless amended within thirty days. To this ruling and order plaintiff filed his exceptions pendente lite. On June 25, 1921, plaintiff filed an amendment to his original petition, striking out certain allegations in paragraph 5, as to reliance of Norton upon Field, and in lieu thereof alleging that he employed Field for the purpose of filing said suit, keeping up with its status on the calendar of the court, looking after hearings of motions or demurrers, and informing petitioner and his other counsel when they were needed at the trial; that he was unfamiliar with the practice of law and the methods by which cases were heard, and for that reason employed Field because he lived in Atlanta where the case was pending. Petitioner in his amendment struck the whole of paragraph 6, which in substance alleged that Field was delirious practically all the time from January 10 to January 31, 1921, and in lieu thereof alleged that on the date of the hearing of the demurrer, on January 27, Field was in a delirious and dying condition and was unable to be in court. Petitioner struck that portion of paragraph 10, referring to the absence of Norton, and alleged in lieu thereof that during all the time the suit was in court petitioner was relying on Field to look after the case, and

during the month of January, 1921, did not know Field was sick and unable to be in court. He further amended his petition by alleging that his original suit for damages set forth a cause of action against defendant; that on the hearing before Judge Ellis the court only heard one side of the law in the case; that if petitioner had been represented by his counsel at the hearing, the ruling of the court would have been different, and the case would not have been dismissed on demurrer; that if there was any merit in any of defendant's demurrers, the petition was amendable, and petitioner could and would have amended within the twenty days allowed by the order of the court, so as to meet objections raised by the general and special demurrers. Petitioner attached to his amendment a copy of an amendment that would have been proposed if he had been given an opportunity. The prayers of the petition were, that the judgment and order of the court on the demurrer dated January 27, 1921, dismissing petitioner's case, be set aside and vacated, and that the case be reinstated; and the usual prayers for general relief, rule nisi, and process.

To the petition as amended the defendant filed general and special demurrers; and after a hearing on October 21, 1921, the trial judge passed an order sustaining the general demurrer and dismissing plaintiff's petition as amended. Assigning error on this ruling, and also assigning error on the exceptions pendente lite, plaintiff sued out bill of exceptions and brought the case to the Supreme Court for review.

*Harwell, Fairman & Barrett* and *Bond Almand,* for plaintiff.

*Rosser, Slaton, Phillips & Hopkins,* for defendant.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court erred in sustaining the general demurrer to the petition, and in dismissing the case. The petition shows that attorney Field was employed for the purpose of " filing suit, keeping up with its status on the calendar of the court, looking after hearings upon motions or demurrers, and informing petitioner and his other counsel when they were needed at the trial;" that both petitioner and his other counsel, who resided in a different county from that in which the suit was pending, relied upon Field to keep them informed as to the pleadings, motions, and hearing in the case. When the case was called for trial Field was seriously sick — too sick to give any attention whatever to

business, however important, and a few days after that he died, on the 31st of January, 1921. It was further alleged that prior to the hearing of the demurrer on January 27th the firm of attorneys of record for the defendant were notified by the stenographer of Mr. Field that the latter was sick in the hospital and unable to try any of his cases, and that a member of the firm with whom the stenographer talked agreed to check and continue all the cases of Mr. Field in which they were of counsel on the opposite side during the time of his illness. Having employed Field as his leading counsel and for the specific purposes set forth, both petitioner and Field's associate counsel, Norton, had the right to rely upon Field for advice and notice of the progress of the cause in its preliminary stages; and as the cause was set down for a hearing on the demurrer on January 27, 1921, and Field could not then be present, the case should have been continued under the agreement. In the answer as it is stated in the brief of counsel for defendant in error this allegation is positively denied; but the allegation is to be taken as true upon demurrer. Usually, where it appears generally that there is an associate counsel, and leading counsel becomes ill, as in the present case, then it would be the duty of the associate counsel either to try the case or have it continued, or, if the motion for continuance is overruled, to notify his client, and, in case of an adverse verdict or judgment, to make a motion for new trial, or to carry the case to the appellate court by appropriate bill of exceptions. But, under the terms of the agreement and understanding between the client and counsel in this case, the leading counsel was to discharge certain specified duties; and if associate counsel was not present to give direction to the case upon the hearing of the demurrer, he could not be held liable by his client for negligence in the performance of his duty.

We think the case is brought within the rule stated in section 5965 of Park's Annotated Code, which makes provision for setting aside judgments by a court of equity. In the case of *Howell* v. *Ware,* 133 *Ga.* 674 (66 S. E. 884), it was said: " In this State it has been held that ' a motion to vacate a judgment by default, on the ground that defendant was sick when it was rendered, and could not put in his plea, was properly overruled, no reason being shown why the plea was not filed before the trial term.' *Cannon* v. *Harrold, Johnson & Co.,* 61 *Ga.* 158. . . . It will be seen that

where sickness is held to be a sufficient ground for setting aside a judgment, it is classified with accident and misfortune, as to which our code recognizes equitable jurisdiction as applying, unless the remedy be denied on account of laches. *Clifton* v. *Livor,* 24 *Ga.* 91; *McCall* v. *Miller,* 120 *Ga.* 262, 266 (47 S. E. 920)." See also *Robinson* v. *Carmichael,* 134 *Ga.* 654 (68 S. E. 582). In the case of *Sims* v. *Sims,* 135 *Ga.* 439 (69 S. E. 545), it is said: " Where it is sought to set aside a judgment.by reason of the absence of the defendant and his attorney on account of the serious illness of the attorney, who had agreed to notify the defendant to appear, but who was prevented from so doing by such illness, it should appear that the attorney was unable to notify the court of his condition. In the present case this did not appear, but, on the contrary, the attorney, while unable to appear, was able to notify the court of his condition, and made a bona fide effort to do so, which notice, however, appears never to have reached the court. We are constrained, therefore, to hold that the absence of the defendant and his counsel under the circumstances stated was not sufficient to authorize the setting aside of the judgment. The facts of this case are unlike those in *Howell* v. *Ware & Harper,* 133 *Ga.* 674 (66 S. E. 884), and *Robinson* v. *Carmichael,* 134 *Ga.* 654 (66 S. E. 582), wherein it was shown that counsel for the defendant was not only unable to appear, but was so ill that he was unable to notify the court of his condition." In the instant case it will be noted that the leading counsel was entirely too sick to notify associate counsel or to give any attention to business of any kind. The present case is, in fact, a strong one upon which to base an appeal to the principle embodied in the section of the code first cited.

It follows from what is said above that the court erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*

### ON THE MOTION FOR REHEARING.

The opinion as written in this case is modified to the extent of eliminating that part of the opinion as first written which orders the reinstating of the original case, and confines the ruling to a reversal of the judgment dismissing the instant case upon demurrer.