## BURNETT *v.* JOHNSTON.

PER CURIAM. 1. In the circumstances shown by the record in this case it was within the discretion of the judge to reinstate the case at the same term at which it was dismissed. In so doing his discretion was not abused.

2. No error requiring a reversal of the judgment refusing a new trial is shown.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents, and Beck, P. J., absent for providential cause.*

No. 7836. FEBRUARY 16, 1931. REHEARING DENIED FEBRUARY 28, 1931.

*W. H. Terrell,* for plaintiff in error. *H. W. Chambers,* contra.

RUSSELL, C. J., dissenting. I can not concur in the rulings announced in the headnotes, for three reasons: (1) A motion to

reinstate a cause dismissed for want of prosecution, which presented no reason why the judgment of dismissal, with costs upon the plaintiff, should be set aside, other than that counsel decided, on his own motion, that his client's cause would not be reached for trial on the day previously set, and that his absence was due to other pressing business, is subject to general demurrer. (2) Though motions of this character are addressed to the sound judicial discretion of the court, yet it is equally true that they should not be granted unless founded upon a meritorious reason; and the mere laches of the party against whom the judgment has been rendered, or of his counsel, will not be considered sufficient cause. Arbitrary exercise of discretion may amount to abuse of discretion. (3) Under the allegations of the petition praying that the judgment be set aside, the court erred in overruling the demurrer, and all further proceedings in the trial became nugatory. I am of the opinion that the court erred in overruling the demurrer to the motion to vacate, for the reason "that said motion does not set forth facts sufficient in law to authorize the court to grant the prayer of said motion." While there is some similitude, there is no analogy, between the reinstatement of a case in which has been entered a judgment of dismissal and a motion to open an entry of default required by law to be entered upon the docket of a court in suits upon unconditional contracts in writing when no answer has been filed at the time required by law. In cases of excusable neglect the judge is required, under the provisions of sections 5654 and 5656 of the Civil Code of 1910, to open the entry of default upon compliance with certain conditions named, that is, by showing that there was an excuse, the reasonableness of which is to be determined by the exercise of a sound legal discretion; then the movant must set forth a substantial defense, he must pay the costs, he must offer to plead instanter and announce ready to proceed with the trial. No such requirements are made in a motion to set aside a judgment of dismissal and to reinstate a cause which has been dismissed for want of prosecution.

In *Phillips* v. *Taber,* 83 *Ga.* 565 (10 S. E. 270), it was ruled, that, to set aside a judgment for absence from providential cause, the absentee must show not only that he was absent for such cause, but that he was unable to notify the court of his condition, and had a meritorious defense, and such other facts as would render it

improbable or at least doubtful if the plaintiff would be entitled to recover. This ruling was in a case in which the motion to open a default judgment was made by the defendant, and the distinction was there pointed out to which we have referred, which makes a difference between a case of setting aside a judgment in which the plaintiff's action is dismissed, and one in which he would be entitled to a judgment by failure of the defendant to make proper answer at the proper time. But the principle is the same in both cases. As one of the reasons why the verdict rendered by default was asked to be set aside, the defendant averred that he had no notice that the case was to be tried on the day it was tried; that he was not present, either personally or by counsel; that defendant had been crippled the day before the case was set for trial, and was unable from that day until long after the trial to leave his room; that on account of his suffering he could not keep his mind on any business, and forgot about the calling of the docket, and did not know the case had been called and set for trial, until after the trial was had; that he had a good and valid defense to said suit. As said by Judge Simmons, delivering the opinion: "It was, in substance, that he had in good faith bought and paid for the horse sued for, at a judicial sale, which sale was regular and according to law, and at which sale Taber, the plaintiff, was present and made no objection thereto; that the sum realized at said sale exceeded the amount of the execution under which said sale was had, and the expenses of the sale, by the sum of $19.70, which sum Taber received from the sheriff and thereby ratified the sale." Other circumstances were stated in the motion in support of his contention. But the entire court concurred in holding that a petition to set aside a judgment on the ground of absence from providential cause must not only show that he was sick and unable to attend court and unable to give the court notice of his condition, but he must go further and show the court that he has a meritorious defense to the action, and show by his affidavit or the affidavits of others such facts as would render it improbable or at least doubtful that the plaintiff would be entitled to recover. It is not enough for him to swear that he has a meritorious defense to the action, without going further and showing the facts upon which said defense is based, so that the court can determine for itself whether, if the verdict and judgment were set aside, the result might be different

at the next trial; citing *Beall* v. *Marietta Paper Mill Co.,* 45 *Ga.* 28; *Cheney* v. *Walton,* 46 *Ga.* 432; *Massey* v. *Allen,* 48 *Ga.* 21; *Peacock* v. *Usry,* 52 *Ga.* 353; *Lumpkin* v. *Respess,* 68 *Ga.* 822; *Ferrill* v. *Marks,* 76 *Ga.* 21.

In the present case, the only showing made to the court in the motion to set aside a judgment of dismissal may be summed up thus: The attorney for the plaintiff was in court and heard the case set for trial by the presiding judge for June 6, 1929. This order he was required by every rule to obey. As said by Mr. Justice Simmons in *Seifert* v. *Holt,* 82 *Ga.* 757 (9 S. E. 843), "Where parties have a case in court, it is their duty to attend and look after their interests. They can not remain away without sufficient cause and subsequently have set aside a judgment properly rendered against them, especially where, by the exercise of the least diligence, they could have ascertained the time when the case was set for trial." In that case lack of diligence in ascertaining the time the case was set for trial was one of the grounds. In the case at bar it is admitted by the motion to set aside that the absent party, or his counsel, was fully informed when the case was set for trial. Was the absence of movant's counsel providential? By no means. Knowing that the case was set for a hearing on June 6, he put his own conclusions based upon when he thought cases set ahead of his would be reached, and was of the opinion that this case could not be reached before June 7, and probably not even then. Having determined to take the risk of disregarding the mandate of the court, and not even notifying the court of his judgment and determination as to when the case would be reached, he proceeded to accept another employment for a lady who had some matter of business of special importance necessary to be performed speedily, by reason of which he went upon another and different employment than that which he had been notified had been formally set for trial by the court. It would become quite immaterial what orders the court might give in the conduct of his business, if the direction given by the court can be thus set aside.

There is a wide discretion allowed to all trial courts in passing upon the merits of a motion for a continuance; but after all, it must be the court, and not counsel, that is to measure the merits of a motion for a continuance, and to determine when the case should be continued or whether the case should not be continued, on ac-

count of the number of continuances that may have been granted, and the number of times that witnesses without interest in the case have been compelled to attend court, and various other circumstances. And so it would not do to hold that any agreement made by counsel that a case should be continued at a certain term, or at any term of the superior court, should bind the court in the conduct of his business, unless such consent had been ratified by the court prior to the calling of the case. The fact that counsel for Burnett had agreed with counsel for Johnston that they would keep each other apprised as to the time when the case should be called, can have no application; for naturally in this case, if the case was not going to be called, it would have been a courtesy of great value for defendant's counsel to be informed of that fact, because perhaps he might not have wanted to lose time and expense in attending court to defend a case which was not to be tried. It was not necessary for him to inform plaintiff's counsel, because he had already been informed by the court itself that the case would be tried on June 6, 1929. This case, it seems to me, is contrary to the ruling in *Ayer* v. *James,* 120 *Ga.* 578 (48 S. E. 154), in which Mr. Justice Evans, delivering the opinion of a full bench, held that the court erred in setting aside the judgment, although he might have been authorized to set it aside because there were no sufficient facts alleged in the petition to enable it to withstand the demurrer addressed to it, upon practically the same grounds as the demurrer in the present case. In *Johnson* v. *Driver,* 108 *Ga.* 595 (34 S. E. 158), it was held a court of equity will not set aside a verdict and judgment rendered in a justice's court, on the ground that the party cast in the suit and his attorney were prevented from attending court by a statement previously made to them by the justice of the peace that the case would not be tried on the day when same was actually heard, but on the next day thereafter, where no fraud is charged. In the present case the trial court did not keep the plaintiff away from court, but on the contrary directed him to come to court on the day on which the judgment of dismissal was rendered.

This case is very similar to that of *Watkins* v. *Ellis,* 105 *Ga.* 796 (32 S. E. 131), in that it plainly appears that plaintiff's counsel, in shaping his conduct, took the risk of the opposite party objecting to a postponement of the case and insisting upon a trial of the case

as fixed by the judge, or he at least took the certain risk of the judge proceeding with the case, as he had already announced he would do on June 6, 1929. If it appeared from the petition that he had notified opposing counsel that the case was not to be tried (it does not so appear), counsel would have been protected by the agreement of opposing counsel to notify each other; but he had no agreement of any kind, or any information, so far as appears from the petition, that the judge had changed his previous setting of the case for June 6, 1929. In *Glover* v. *Dimmock,* 119 *Ga.* 696 (46 S. E. 824), a demurrer to a petition to set aside a judgment was sustained, and that judgment was affirmed by the Supreme Court. Judge Candler, delivering the opinion, said: "The plaintiff, in her bill of exceptions to this court, 'for cause of error says that she was not represented at the time of the rendition of the judgment sought to be set aside, and had a valid legal excuse for her absence, as set out in her petition made to set aside the same.' On this point the petition alleges that at the time of the rendition of the judgment against her the petitioner was detained at home on account of the serious illness of her mother, who shortly afterwards died, that she had employed two attorneys to represent her, and that she afterwards learned that prior to the trial of the case both of her attorneys caused their names to be erased from the docket, stating that they no longer represented her. She also alleged that she had no notice that her attorneys, or either of them, intended to abandon her cause, and did not learn of it until long after the trial at which the judgment was rendered. . . We are clear that these allegations were not sufficient to support an order setting aside the judgment. The action of the plaintiff's counsel in causing their names to be erased from the docket and stating that they no longer represented her did not, ipso facto, terminate the relation of attorney and client between them and her. . . It is not made to appear that the plaintiff made any effort to notify any one connected with the case of her inability to be present at the trial, or that she took any steps to have the case postponed or continued. The petition sets up a good cause of action against the plaintiff's attorneys for their gross negligence and wanton abandonment of her interests, but it shows no cause for setting aside the judgment already rendered." And so it seems in this case, that while the petition to set aside the judgment establishes negligence on the

244

part of petitioner's counsel in the performance of his duty in looking after his client's interest, and may entitle him to an action against his counsel, it affords no reason in law for setting aside the judgment of dismissal.

In *McCall* v. *Miller,* 120 *Ga.* 262 (47 S. E. 920), Mr. Presiding Justice Fish, delivering the opinion of the court, said: "The view we take of the case renders it unnecessary to pass on the motion for a new trial. In our opinion, the general ground of the demurrer to the petition as amended should have been sustained. Considering the facts alleged in the petition and ignoring the mere conclusions of the pleader, the petitioner was not entitled to the relief for which she prayed. When a regular term of court is adjourned over to a subsequent term, all parties and their attorneys having business in the court are bound at their peril to take notice of such adjourned term. *Rawson* v. *Powell,* 36 *Ga.* 255." The court then cited a number of authorities as to the rule permitting a judgment to be set aside, especially during the term, for absence of the defendant from providential cause, among them some cases already referred to herein; and said: "Again, in *Phillips* v. *Taber,* 83 *Ga.* 565 (4), it was held that to set aside a judgment for defendant's absence from providential cause, he must show, not only that he was absent from such cause, but unable to notify the court of his condition." Construing the present petition in the light of the statement that absence from an adjourned term is at the peril of parties who have been notified to take notice thereof, as the plaintiff was notified at his peril to appear on June 6, 1929, and in order to meet the general demurrer to the petition to reinstate the case, it should have been alleged, not only that his absence was due to providential cause, but that he was unable to notify the court of his condition. In *Sims* v. *Sims,* 135 *Ga.* 439 (69 S. E. 545), and *Cannon* v. *John B. Daniel Inc.,* 153 *Ga.* 523 (113 S. E. 186), it was held that it is essential that a petition to set aside a judgment must contain an allegation that counsel was unable to notify the court of his condition, even when the absence was from providential cause; and I think that the reason for the rule, as well as the rule itself, is applicable in cases where the absence of counsel is unavoidable, due to accident or misfortune, even though the same be not providential; but none of these rules can be applied to a case of deliberate and predetermined absence from the court on

a day fixed by the court for the hearing of a case. In *Kellam* v. *Todd,* 114 *Ga.* 981 (41 S. E. 39), it was distinctly ruled, that "Though a motion to set aside a judgment . . is one addressed to the sound discretion of the court, such a motion should not be granted unless founded upon a meritorious reason." That case had been assigned to be tried on December 20, 1900, and on the day it was assigned for trial judgment was entered for the plaintiff, neither the defendants nor their counsel being present. On January 11 following, the defendants moved to set aside the judgment and have the case reinstated, the reason being that on the morning of December 20 they saw a statement in the Daily Report, a sheet published for the information of lawyers having cases in court, that the case against them was checked for a week. The motion was granted and the case reinstated, and the plaintiff excepted. Mr. Justice Fish said: "While it is true that motions of this character are addressed to the sound judicial discretion of the court, yet it is equally true that they should not be granted unless founded upon a meritorious reason, and the mere laches of the party against whom the judgment has been rendered will not be considered a sufficient cause. . . It was not contended that the plaintiff or his counsel was in any way responsible for such publication. It does not appear that the defendants, or their counsel, made any effort to ascertain the correctness of the published statement. The least diligence in this direction would have developed the fact that the case had not been 'checked,' but was standing open on the board in the court-room. . . We must conclude that the motion in the present case was not founded upon a meritorious ground, and that therefore the judge erred in vacating the judgment and reinstating the case." And so in this case, conceding that each party was to notify the other of the progress of the case, demurrant's counsel had done nothing (as appears from the petition to reinstate itself) to prevent the presence of plaintiff's counsel, and the absence of plaintiff's counsel was not providential; and so it is my opinion, as held by Mr. Justice Fish, that the motion to reinstate was not founded upon a meritorious ground, and that the judgment setting aside the judgment of dismissal should be reversed. All further proceedings in the trial were nugatory; for in my view there should have been no trial at all.