EATONTON OIL & AUTO CO *v.* LEDBETTER *et al.*

No. 8641. APRIL 14, 1932.

*R. C. Jenkins* and *S. T. Wingfield,* for plaintiff in error.
*Sibley & Allen,* contra.

BECK, P. J. This was an equitable petition for injunction, and to set aside a judgment rendered in Putnam county court. Petitioner based his right to have the judgment set aside upon the ground that at the time the case was called in Putnam county court his counsel was absent, having been given a leave of absence from the court for the day on which the case was called and tried. It appears that Judge E. R. Hines, the judge of Baldwin county court, was presiding in Putnam county court at the time the judgment was rendered. The fact that Judge Hines had given leave of absence as claimed is not in controversy; but it is insisted that when Judge Hines granted the leave of absence he did so at a time when Putnam county court was not in session and while he was not acting as judge of that court; and that the superior court should not have enjoined the enforcement of the execution based on the judgment referred to, and could not set it aside. After hearing evidence the trial judge rendered judgment in part as follows:

"The pleadings in said case set out the facts relied upon by the respective parties to said case, and it is not necessary for the court to refer to said facts, except where it is necessary in setting forth the reason of the conclusions reached by the court in deciding the issues involved in said case. By reading said pleadings and the affidavits introduced by the parties in said case it will be seen that there is no real conflict in said case as to the facts involved, and the issues involved are really issues of law for the court to pass upon in deciding said case. The issues involved in said case are governed by the following authorities, to wit: Sections 4584 and 5965 of the Code of Georgia of 1910; *Howell* v. *Ware & Harper,* 133 *Ga.* 674 [66 S. E. 884]. While the attorney employed by the petitioner in this case was sick, yet the same principle of law is applicable where the attorney had been previously excused by the judge of the county court of Putnam County, when it was arranged between Hon. M. F. Adams, judge of said court, that Hon. E. R. Hines, judge of the county court of Baldwin County, would exchange in holding said courts on July 27, 1931. *Clark* v. *Ramsey,* 138 *Ga.* 726 [75 S. E. 1128]. In this case the attorney for the petitioner was not only sick but he also had a leave of absence by

the presiding judge. See also the case of *Jones* v. *Patterson,* 138 *Ga.* 862. [76 S. E. 378], and *Donalson* v. *Bank of Jakin,* 33 *Ga. App.* 428 [127 S. E. 229], and authorities cited. It was held in this case that 'A judgment rendered against a party whose sole counsel is absent by express leave of the court is properly vacated and set aside when that fact is properly called to the attention of the court by a timely motion in writing.' There are other decisions of the Supreme Court and Court of Appeals on same line, but it is unnecessary to cite them. Most of the cases cited by the counsel for the defendants in this case refer to common-law cases, and therefore are not controlling, for the reason that this is an equitable case.

"The Supreme Court, in the case of *Pitts* v. *Carr,* 61 *Ga.* 454, held that county courts have no authority to grant new trials under the constitution and laws of Georgia; and said court has also held that motions to set aside judgments are in the nature of motions for new trials. Therefore all motions to vacate judgments rendered by mistake in county courts would have to be filed in equity in the superior courts. Now, taking this principle of law into consideration in deciding the issues involved in this case under consideration, the authorities above cited clearly establish that equity has jurisdiction to set aside all judgments obtained by mistake as set forth in the pleadings in this case. It will be seen from the pleadings in this case that the plaintiff in this case had a good defense to the suit in the county court of Putnam County, provided he can sustain it by evidence in the final trial, as set forth in the affidavits in his behalf which were introduced before me on August 11, 1931. It also clearly appears, without contradiction, from the pleadings and evidence in this case that Hon. E. R. Hines, judge of the county court of Baldwin County, and Hon. M. F. Adams, judge of the county court of Putnam County, had agreed to exchange courts prior to the time Judge Hines agreed to excuse Erwin Sibley, attorney for the said J. D. Ledbetter, before the convening of said Putnam county court, on account of conflicting cases in said Baldwin county court, and he communicated this fact to his said client; and for this reason neither was present in said Putnam county court on July 27, 1931, when said verdict and judgment were rendered. The evidence shows, without contradiction, that this was entirely an oversight on the part of the presiding judge,

Hon. E. R. Hines, and this case comes squarely within said sections of the Code above cited. . . Judges are clothed with the authority to excuse attorneys from attending courts, for sufficient legal reasons. Therefore the restraining order is continued in operation until this case can be passed upon in the superior court of Putnam County, as provided by law.".

This judgment of the trial judge was authorized under the pleadings and evidence in this case. It may be true that a leave of absence granted by a judge while he is not presiding in court would not be given effect and enforced, that alone appearing. But at the hearing of the instant case at chambers, an affidavit by Judge Hines, who presided in Putnam county court when the judgment sought to be enjoined was rendered, was submitted for the consideration of the court in the determination of the question involved, and in part that affidavit reads as follows: "I presided at the July term, 1931, of Putnam county court, which was in session on the 27th day of July, 1931. There was a case sounded at that session in which Mr. Sibley was counsel. I stated in open court that Mr. Sibley had been excused and would not be in attendance upon the court. Mr. R. C. Jenkins, counsel for the other side in that case, announced that he and Mr. Sibley had reached a certain agreement as to the disposition of the case, and that the case would be disposed of without a jury. Afterwards the case of the Eatonton Oil & Auto Company v. J. Dennis Ledbetter was called. The docket did not show that Mr. Sibley was counsel for the defendant, and for the moment I assumed that the case which had first been called was the case about which Mr. Sibley had spoken to me, and for the moment forgot that I had agreed to continue the Ledbetter case." This part of the affidavit of Judge Hines should be taken into consideration, especially that part in which the affiant says: "I stated in open court that Mr. Sibley had been excused and would not be in attendance upon the court." Even if the leave of absence granted by Judge Hines to Mr. Sibley was not binding and enforceable, standing by itself, the statement made by the judge in open court that Mr. Sibley had been excused and would not be in attendance upon the court had the effect of ratifying the leave granted out of court, and it no longer had the weakness of being an extrajudicial act and devoid of force and effect. In view of that, and the other facts stated in the judge's opinion

rendered in connection with the judgment, he did not err in the judgment granting the injunction.

Whether the defense set up in the suit in Putnam county court was in itself complete is not now adjudicated; counsel had the right to be present when the case was tried, so as to be heard upon the merits of that defense, and, if it was defective, to make such amendments as were proper. Nor did the court err in disallowing the offered amendment to the answer of the defendant, which in substance contained an order to have the case tried at the August term. Under the facts of the case, the court was within the exercise of his sound discretion in setting aside this judgment.

*Judgment affirmed.* *All the Justices concur.*