### PRATT et al. v. ROSA JARMULOWSKY COMPANY.

BELL, J. This was a suit in equity to cancel a judgment by default rendered in the county court, and a verdict and judgment rendered in the superior court on appeal; for injunction against the enforcement of such verdict and judgments; and for general relief. The court granted an interlocutory injunction, and the defendants in the equity case, who were the plaintiffs in the original suit, complain of that judgment. *Held:*

1. The original petition for injunction was not verified as required by law. Civil Code (1910), § 5544. The court did not err in allowing this defect to be cured by amendment at the interlocutory hearing. *Dunham* v. *Curtis*, 92 *Ga.* 514 (17 S. E. 910); *Rice* v. *Dodd*, 94 *Ga.* 414 (20 S. E. 339).

2. A statement in the bill of exceptions that the "attorney for the plaintiffs in error requested the court to rule on the question as to whether or not the service" was sufficient, and that the court held the service valid, does not show that the court was without jurisdiction to proceed with the interlocutory hearing or to grant an injunction. Even if the trial judge committed error in his ruling, it does not appear that the plaintiffs in error had not waived service by appearance and pleading, or in some other manner recognized by law. Civil Code (1910), § 5559; *Mason* v. *Stevens Warehouse Co.*, 43 *Ga. App.* 375 (3 a) (158 S. E. 631); *Bower* v. *Avery*, 172 *Ga.* 272 (4) (158 S. E. 10). See also Civil Code (1910), § 5501; *Murphey* v. *Harker*, 115 *Ga.* 77 (5) (41 S. E. 585); *Anderson* v. *Hall*, 128 *Ga.* 525 (58 S. E. 43).

3. Even if the leave of absence granted in vacation by the judge of the county court to the attorney for the defendant in the original case was not binding and enforceable, the statement subsequently made by the judge in open court that he had granted to this attorney a leave of absence for the term "had the effect of ratifying the leave granted out of court, and it no longer had the weakness of being an extrajudicial act and devoid of force and effect." *Eatonton Oil Co.* v. *Ledbetter*, 174 *Ga.* 715, 718 (163 S. E. 891).

4. Under the pleadings and the evidence, the judge of the superior court, acting as chancellor, was authorized to find that the defendant in the original case employed an attorney to file an answer asserting the defense of non est factum, and that the failure of the attorney to file such defense was due to sudden and unexpected illness from which he died only a few days after the judgment of default was rendered; that this attorney was granted a leave of absence from the term of court at which such judgment was rendered and before the rendition thereof; that the failure of the court to recognize the leave of absence as applicable to the particular case was due to a mistake traceable to the illness of the attorney; and that the defendant was without any fault or negligence whatsoever in the premises. In these circumstances it was not error to grant an interlocutory injunction against the enforcement of the judgment, the same having been followed by an execution which was about to be levied upon the defendant's property. *Howell* v. *Ware*, 133 *Ga.* 674 (66 S. E. 884); *Robinson* v. *Carmichael*, 134 *Ga.* 654 (68 S. E. 582); *Clark* v.

*Ramsey,* 138 *Ga.* 726 (75 S. E. 1128); *Clark* v. *Ramsey,* 143 *Ga.* 729 (85 S. E. 861).

5. The facts that the defendant in the suit in the county court filed an appeal to the superior court, and there sought to be relieved from such judgment by obtaining an order opening the default, and that the superior court refused to open the default, and, upon a trial of the case on appeal, directed a verdict in favor of the plaintiff, upon which judgment was entered, did not bar the defendant (now the plaintiff) from proceeding in equity to avoid the judgment of the county court, on equitable principles. The superior court had no jurisdiction to grant the relief sought on appeal. Accordingly, there was no estoppel or res adjudicata against the appellant by reason of the proceeding taken by it in the superior court. See, in this connection, *Daniel* v. *State,* 55 *Ga.* 222; *Pitts* v. *Carr,* 61 *Ga.* 454; *Ash* v. *Peoples Bank,* 149 *Ga.* 713 (2) (101 S. E. 912); Civil Code (1910), §§ 6078, 6515; *Doughty* v. *Walker,* 54 *Ga.* 595; *McCook* v. *Moore,* 78 *Ga.* 322 (2 S. E. 473); *Fontaine* v. *Bergen,* 55 *Ga.* 410; *Mills* v. *Bell,* 136 *Ga.* 687 (71 S. E. 1120); *Maloy* v. *Maloy,* 134 *Ga.* 432 (2) (68 S. E. 80); *Mulherin* v. *Kennedy,* 120 *Ga.* 1080 (6) (48 S. E. 437); *Stansell* v. *Massey,* 92 *Ga.* 436 (17 S. E. 821); *Firemen's Insurance Co.* v. *Oliver,* 176 *Ga.* 80 (2) (167 S. E. 99, 909). In view of all the facts, it was not improper for the plaintiff to seek relief in equity against the verdict and judgment in the superior court, as well as from the judgment of the county court.

6. The suit in equity was brought against several persons named as "The Governing Board of Trustees of the Georgia School of Technology." Since the identical persons so named as defendants were the parties plaintiff in the suit in the county court, the granting of the interlocutory injunction in the equity case was not illegal or erroneous upon the ground that the correct name of the owner of the original cause of action was the "Georgia School of Technology," and that the corporate entity bearing this name was not made a party defendant in the suit for cancellation and injunction, the plaintiff in the latter case having proceeded against the identical parties, and all the parties, who procured the judgment to be rendered against him.

7. The court did not err in overruling the general demurrer to the petition, or in granting the interlocutory injunction.

8. The plaintiffs in error made a motion to strike the brief filed in behalf of the defendant in error. In view of the facts stated by one of counsel for the defendant in error, the motion must be denied. *Tuells* v. *Torras,* 113 *Ga.* 691 (39 S. E. 455).

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*

No. 9454. August 10, 1933.

*R. C. Jenkins,* for plaintiffs in error.

*E. J. Summerour Jr.* and *M. F. Adams,* contra.